**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**ALNYLAM'S OPPOSED MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF ITS MOTION TO DISMISS AND/OR TRANSFER**

**TABLE OF CONTENTS**

I.      Introduction ............................................................................................................ 1

II.     Background ............................................................................................................. 2

III.    Legal Standard ...................................................................................................... 4

IV.     A Stay Pending the Resolution of Alnylam's Motion to Dismiss is Appropriate .............. 4

        A.      All Relevant Factors Favor a Stay Pending Alnylam's Motion to
        Dismiss ....................................................................................................... 4

                1.      Factor 1: A Stay Will Not Prejudice Plaintiff ............................................. 4

                2.      Factor 2: Alnylam Will Suffer Hardship Absent a Stay ............................ 6

                3.      Factor 3: A Stay Will Conserve Judicial Resources ................................. 8

        B.      Good Cause Exists to Stay Discovery ....................................................... 9

V.      Conclusion ........................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc.*,
  52 F.4th 1360 (Fed. Cir. 2022) ...................................................................................8, 9

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020).................................................................................1, 6

*DH Int'l Ltd. v. Apple Inc.*,
  No. 1:23-CV-1114-DII, 2024 WL 3748039 (W.D. Tex. July 18, 2024) ..................7

*In re Google Inc.*,
  No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015)............................1, 6, 8

*In re Horseshoe Ent.*,
  337 F.3d 429 (5th Cir. 2003) ...................................................................................1, 6

*ICharts LLC v. Tableau Software, LLC*,
  2024 WL 2305214 (W.D. Tex. May 21, 2024) ..........................................................7

*Lowery v. Mills*,
  No. 1:23-CV-129-DAE, 2023 WL 9958230 (W.D. Tex. Aug. 9, 2023) ................4, 9

*In re Netflix, Inc.*,
  No. 2021-190, 2021 WL 4944826 (Fed. Cir. Oct. 25, 2021)............................1, 4, 6

*Netlist, Inc. v. Micron Tech., Inc.*,
  No. 1:22-CV-136-DII, 2024 WL 3035617 (W.D. Tex. June 17, 2024) ................5, 6

*Qu-Soft LLC., v. Dominion Siding, Inc.*,
  No. A-20-CV-00640-LY, 2020 WL 10728887 (W.D. Tex. Aug. 24, 2020)............9

*In re Ramu Corp.*,
  903 F.2d 312 (5th Cir. 1990) ......................................................................................4

*Relink US LLC v. Tesla, Inc.*,
  No. 1:23-CV-1093-DII, 2024 WL 1219740 (W.D. Tex. Mar. 21, 2024)..................6

*In re SK hynix Inc.*,
  835 F. App'x 600 (Fed. Cir. 2021) .............................................................................8

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
  No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020)........................5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)..................................................................................5

*YETI Coolers, LLC v. Home Depot U.S.A., Inc.*,
No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018).........................4

**Statutes**

28 U.S.C. § 1404(a) .............................................................................................1, 2, 6

**Other Authorities**

Federal Rule of Civil Procedure
12(b)(3) .....................................................................................................................2
26(c) .........................................................................................................................4
26(f)........................................................................................................................2, 6

Western District of Texas Local Rule
16(c) ........................................................................................................................2
16(d).........................................................................................................................2
26.1(c) .....................................................................................................................7

## I.    INTRODUCTION

Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S. Inc. ("Alnylam") respectfully request a stay in this case, including on discovery, until the Court resolves Alnylam's pending Motion to Dismiss for Improper Venue or in the Alternative to Transfer this Case to the District of Massachusetts ("Motion to Dismiss").

The Federal Circuit and Fifth Circuit have encouraged district courts to prioritize "venue motions [] over substantive proceedings in district court." *In re Netflix, Inc*., No. 2021-190, 2021 WL 4944826, at \*1 (Fed. Cir. Oct. 25, 2021); *see also In re Apple Inc*., 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *In re Horseshoe Ent*., 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court."). Transfer motions are prioritized over other proceedings because "lengthy delays have the ability to frustrate 28 U.S.C. 1404(a)'s intent to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at \*1 (Fed. Cir. July 16, 2015).  "A stay of merits proceedings is appropriate relief if the district court cannot decide a venue motion quickly enough to avoid burdening the moving party with unnecessary expense and prejudice." *Netflix*, 2021 WL 4944826, at \*2.

Despite this clear precedent, Plaintiff refuses to agree to a stay pending this Court's ruling on Alnylam's Motion to Dismiss.  Instead, Plaintiff is forcing the parties and this Court to expend unnecessary resources to litigate this case, even though Plaintiff sat on its patent rights for five years and has failed to point to anything in this case necessitating immediate discovery.  To make matters worse, once fact discovery opens on May 7, 2025, Plaintiff represented to Magistrate Lane

1

that it will seek venue-related discovery, even though this Court has not permitted Plaintiff to seek such discovery.[1] Absent a stay, not only will Alnylam be forced to expend resources to resist that discovery, but the parties and this Court will be forced to expend resources on proceedings that will likely end up being duplicated under a different set of rules in the transferee court.

Because Alnylam's Motion to Dismiss is entitled to the Court's top priority, and to conserve the resources of this Court and the parties, Alnylam respectfully requests that the Court stay this case until it has ruled on the pending motion.

## II.    BACKGROUND

Plaintiff filed its complaint against Alnylam on December 12, 2024. Dkt. 1. On February 5, 2025, Alnylam moved to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3) or in the alternative to transfer the case to the United States District Court for Massachusetts under 28 U.S.C. § 1404(a) ("Motion to Dismiss"). Dkt. 21. Plaintiff filed an opposition to Alnylam's Motion to Dismiss ("Opposition"), Dkt. 24, and Alnylam filed a reply ("Reply"). Dkt. 25. While Plaintiff has not filed a motion seeking leave for venue discovery, Plaintiff requested such discovery in its Opposition. Dkt. 24 at 15-16. Alnylam contends in its Reply that venue discovery is not warranted because Plaintiff had not met its "burden" to establish the "necessity" for venue discovery under the standards articulated in the cited caselaw. Dkt. 25 at 9-10.[2] As of the filing of this Motion, the Court has not ruled on Alnylam's Motion to Dismiss.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16(c) and 16(d), the parties jointly submitted a Rule 26(f) Report on March 21, 2025. Dkt. 30. On that same day, the parties also jointly submitted a proposed scheduling order. Dkt. 31. In the Rule 26(f) Report and

---

[1] This is an issue pending in the Motion to Dismiss and that was not referenced to Magistrate Judge Lane.

[2] Plaintiff also filed a motion for leave to file a sur-reply, Dkt. 27, to which Alnylam filed an opposition. Dkt. 28.

the proposed scheduling order, consistent with the authorities cited there and in this motion, Alnylam argued that the dates in the case should be keyed off when the Court rules on Alnylam's Motion to Dismiss.  Dkt. 30 at 5-9; Dkt. 31 at 2-3.  For example, Alnylam proposed that fact discovery be deferred until 2 weeks after the Court issues a ruling on Alnylam's Motion to Dismiss. Dkt. 31 at 4.  On April 3, 2025, this Court made a limited reference of the parties scheduling order dispute to Magistrate Judge Lane.  Dkt. 32.  The Court did not reference any issue pending in the Motion to Dismiss to Magistrate Lane.

Prior to the hearing before Magistrate Judge Lane, the parties jointly submitted an amended, proposed scheduling order.  In the scheduling order, Alnylam maintained that the case schedule be keyed off when the Court rules on Alnylam's Motion to Dismiss, consistent with the foregoing authorities to prioritize venue motions.  Dkt. 35.  A hearing was held on April 23, 2025. Dkt. 36.  While Magistrate Judge Lane adopted Plaintiff's proposed schedule, Dkt. 37, Magistrate Judge Lane acknowledged the foregoing authorities and referenced the likelihood of Alnylam filing a motion to stay the case.  Ex. 1 at 16:20-21, 17:24-18:3.  Under the scheduling order entered in this case, Initial Disclosures and fact discovery opens on May 7, 2025, Initial Infringement Contentions and Invalidity Contentions are due on June 4, 2025, and July 23, 2025, respectively, and claim construction proceedings start on September 17, 2025.  Dkt. 37.

On April 29, 2025, counsel for both parties met and conferred in good faith to resolve Alnylam's motion to stay.  Plaintiff's counsel stated during the meet and confer that it opposed Alnylam's motion to stay.  Plaintiff's counsel asked whether Alnylam would consider a stay to just venue discovery.  Alnylam's counsel explained that Plaintiff had not met its burden to show that venue discovery was warranted in this case, nor has the Court ruled on whether Plaintiff is entitled to seek venue discovery.  Plaintiff's counsel stated that they intended to serve venue

3

discovery when fact discovery opens on May 7, 2025.  Alnylam now files this motion to stay the case pending Alnylam's Motion to Dismiss.

### III.    LEGAL STANDARD

"The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citations omitted).  In this District, courts typically consider three factors in determining whether a stay is appropriate: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources."  *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018).  "A stay of merits proceedings is appropriate relief if the district court cannot decide a venue motion quickly enough to avoid burdening the moving party with unnecessary expense and prejudice." *Netflix*, 2021 WL 4944826, at *2.

Additionally, pursuant to Federal Rule of Civil Procedure 26(c), a district court has discretion to stay discovery for "good cause shown."  Fed. R. Civ. P. 26(c).  "Good cause may exist if the party [from whom discovery is sought] demonstrates that annoyance, embarrassment, oppression, or undue burden or expense would result absent the stay." *Lowery v. Mills*, No. 1:23-CV-129-DAE, 2023 WL 9958230, at *1–2 (W.D. Tex. Aug. 9, 2023).

### IV.    A STAY PENDING THE RESOLUTION OF ALNYLAM'S MOTION TO DISMISS IS APPROPRIATE

#### A.    All Relevant Factors Favor a Stay Pending Alnylam's Motion to Dismiss

##### 1.    Factor 1: A Stay Will Not Prejudice Plaintiff

Plaintiff will not suffer any prejudice as a result of a stay pending this Court's decision on Alnylam's Motion to Dismiss.  The stay would be short, as it would last only until Alnylam's

4

Motion to Dismiss is resolved by this Court.  Plaintiff's 5-year delay in asserting its patent shows that it would not be prejudiced by a short stay.  Plaintiff's asserted patent issued on November 25, 2014, Dkt. 1-1 at 1, and Alnylam's accused product has been on the market since at least 2019.  Ex. 2.   Yet, Plaintiff waited until December 2024 to file suit against Alnylam for patent infringement.  Dkt. 1.  While Plaintiff waited 5 years to file suit, Courts have found that waiting just a year after the asserted patent issues to file suit weighs against a finding of undue prejudice.  *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (noting that the patentee waited nearly a year after the asserted patent issued to file suit weighed against a finding of undue prejudice); *Netlist, Inc. v. Micron Tech., Inc.*, No. 1:22-CV-136-DII, 2024 WL 3035617, at *1 (W.D. Tex. June 17, 2024) (finding a party's "decision to wait two to four years to file suit on the Asserted Patents weighs against its claim that it will be unduly prejudiced by maintaining the stay").

Moreover, Plaintiff cannot contend that it will suffer any economic damage.  Plaintiff does not compete with Alnylam in the market, let alone sell any product that practices the claimed invention.  Indeed, Plaintiff is not seeking an injunction. Dkt. 1.  Under such circumstances, Courts routinely find no prejudice to the plaintiff in granting a stay.  *Netlist*, 2024 WL 3035617, at *1 ("While competition between the parties can weigh in favor of finding undue prejudice, a party's failure to request injunctive relief can indicate that the party is not unduly prejudiced by a stay of its case."); *see also VirtualAgility*, 759 F.3d at 1318-19 (finding that failure to seek injunctive relief weighs in favor of finding no undue prejudice in granting a stay); *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("[F]ailure to file for preliminary injunction suggests that monetary damages could adequately compensate [Plaintiff].").  Nor will a stay "diminish the monetary damages to which [Plaintiff] will be entitled

if it succeeds in its infringement suit," as Plaintiff can seek prejudgment interest. *Netlist, Inc.*, 2024 WL 3035617, at \*1; *see also Relink US LLC v. Tesla, Inc.*, No. 1:23-CV-1093-DII, 2024 WL 1219740, at \*2 (W.D. Tex. Mar. 21, 2024) ("[A] party's mere delay in collecting monetary damages does not constitute undue prejudice.") (citations omitted). This factor thus strongly favors a stay.

2.    Factor 2: Alnylam Will Suffer Hardship Absent a Stay

The Federal Circuit and Fifth Circuit both agree that to avoid wasting time, energy, and money, "venue motions [should be] prioritized over substantive proceedings in district court." *Netflix*, 2021 WL 4944826, at \*1-2; *see also Apple*, 979 F.3d at 1337 ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *Google*, 2015 WL 5294800, at \*1 ("We, like other courts, have [] stressed the importance of addressing motions to transfer at the outset of litigation" because "[i]n the context of transfer of venue motions, lengthy delays have the ability to frustrate 28 U.S.C. 1404(a)'s intent to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense"); *Horseshoe*, 337 F.3d at 433 ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court.").

Alnylam will suffer hardship if a stay is not granted. First, fact discovery is scheduled to open on May 7, 2025, and Plaintiff has stated that it will seek venue discovery, including presumably depositions of numerous Alnylam witnesses. *See, e.g.*, Dkt. 30 at 3 ("[A] stay will prejudice the University [Plaintiff]—and without a corresponding benefit. It will deprive the University of venue discovery."); *id.* at 11 ("[D]iscovery should open upon entry of this Rule 26(f) report and accompanying schedule, *including venue discovery*.") (emphasis added); Ex. 1 at 12:8-13 ("The issue that was referred to maybe three or four times was the *venue discovery*. . . . Our

6

view, Judge, is that *all discovery should open up*.  It only makes sense for, *once discovery is opened, for efficiency's sake to, you know, do all of that discovery*.") (emphasis added); Ex. 3 at 1 (Plaintiff stating that it wanted, among other things, five 30(b)(6) depositions for venue discovery).

But as briefed in Alnylam's Motion to Dismiss, Plaintiff has not filed a motion for venue discovery, let alone met its "burden" to establish the "necessity" of venue discovery.  Dkt. 25 at 9-10; *ICharts LLC v. Tableau Software, LLC*, 2024 WL 2305214, *4 (W.D. Tex. May 21, 2024) ("As the party opposing transfer and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery.").  Nor has Plaintiff made a showing in that briefing that it meets the standards for permitting venue discovery, as Alnylam addresses in its reply.  D.I. 25, 9-10 (citing *DH Int'l Ltd. v. Apple Inc.*, No. 1:23-CV-1114-DII, 2024 WL 3748039, *2 (W.D. Tex. July 18, 2024) for the standard that "[a] district court may deny venue discovery 'when there is no indication of fraud or misconduct in the defendant's affidavits, and there is no reason to believe that additional information would alter the outcome.'").  Plaintiff's theory that venue discovery is permitted when fact discovery opens is prejudicial to Alnylam since the Court has not ruled on Plaintiff's request for venue discovery yet.  Alnylam will also suffer hardship by the additional cost, time, and energy it will take to resist Plaintiff's misuse of fact discovery to seek venue-related discovery.

Second, Alnylam will also be forced to expend resources litigating other substantive matters in this Court where the rules differ from those used by the potential transferee court.  For example, the local rules in the District of Massachusetts limit discovery to 10 depositions, 25 interrogatories, 25 requests for admission, and 2 separate sets of requests for production.  Local Rule 26.1(c).  This is in contrast to the broader discovery limits in this case, which are set at 30 interrogatories per side, 45 requests for admission per side, 75 requests for production per side, 70

hours of fact deposition per side, and 7 hours of expert deposition per expert report.  Dkt. 30 at 11.

Once fact discovery opens on May 7, 2025, and proceeds in this case, Alnylam will have to expend resources to respond to more discovery requests than would be permitted in the District of Massachusetts.

Similarly, invalidity disclosures are due July 23, 2025, and claim construction proceedings are scheduled to start on September 17, 2025.  Denying Alnylam's stay would allow those proceedings to move forward, causing Alnylam to expend resources in doing two claim construction proceedings, if the transferee court decides to perform its own claim construction analysis, and likely two invalidity disclosures.  The Federal Circuit has found that these are exactly the types of events that should be stayed pending a motion to transfer.  *In re Apple Inc.*, 52 F.4th 1360, 1363 (Fed. Cir. 2022) (finding that "the district court clearly abused its discretion in issuing its scheduling order" and directing the district court "to postpone fact discovery and other substantive proceedings until after consideration of [defendant's] motion for transfer"); *Google Inc.*, 2015 WL 5294800, at *1-2 (admonishing the district court for allowing fact discovery and *Markman* to proceed pending a transfer motion and directing the district court to rule on the transfer motion); *In re SK hynix Inc.*, 835 F. App'x 600, 601 (Fed. Cir. 2021) ("[T]he district court must stay all proceedings concerning the substantive issues of the case and all discovery until such time it has issued a ruling on the motion [to transfer].").  This factor further favors a stay.

3.    Factor 3: A Stay Will Conserve Judicial Resources

This case is at an early stage of litigation.  Fact discovery is set to open on May 7, 2025, and claim construction proceedings are scheduled to start in September 2025.  For the reasons discussed above, staying the case while it is at an early stage will conserve the parties' and the Court's resources.  This includes minimizing the need for duplicative proceedings—including

negotiating scheduling orders,[3] potential fact discovery disputes, infringement and invalidity contentions, and claim construction proceedings—in the transferor and transferee courts. As the Federal Circuit has explained, "[j]udicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *In re Apple Inc.*, 52 F.4th at 1363. This factor also favors a stay.

B.    Good Cause Exists to Stay Discovery

Absent a stay, Alnylam will be forced to expend unnecessary resources in resisting venue-related discovery and in litigating matters that are likely to be duplicative between this Court and the transferee Court. *See supra* Sections IV.A.1-3. Indeed, as this Court previously found, when "resolving the pending motion to dismiss may reduce and/or preclude the need for discovery," such as the venue-related discovery Plaintiff seeks here, it is "appropriate to stay discovery until the pending motion to dismiss is resolved." *Lowery*, 2023 WL 9958230, at *2. This is especially true when the threshold issue of venue is in dispute. *See id.* And, as is the case here, when there is "[n]othing in the case file [that] indicates [] there is a need for immediate discovery," such as destruction of evidence or preliminary relief being sought, discovery should be stayed pending a motion to transfer. *Qu-Soft LLC., v. Dominion Siding, Inc.*, No. A-20-CV-00640-LY, 2020 WL 10728887, at *1–2 (W.D. Tex. Aug. 24, 2020).

---

[3] Certain dates proposed in Plaintiff's scheduling order that this Court adopted will already need to be renegotiated. For example, May 20, 2025 is the current date set for the parties to file all motions to amend or supplement pleadings. But neither party will be able to meet this deadline since the Court has not yet ruled on Alnylam's Motion to Dismiss and the case is not even at issue. Absent a stay, Alnylam will be forced to expend additional resources renegotiating this deadline, among others, with Plaintiff.

9

## V.    CONCLUSION

For the foregoing reasons, Alnylam respectfully requests that the Court grant Alnylam's motion and enter a stay in this case.

Date: April 29, 2025

Respectfully submitted,

*/s/ Samoneh Schickel*
Samoneh Schickel
Texas Bar No. 24097911
Syed K. Fareed
Texas Bar No. 24065216
McDermott Will & Emery LLP
300 Colorado Street, Suite 2200
Austin, TX  78701
Tel.: (512) 726-2600
Fax: (512) 532-0002

William G. Gaede, III *(Admitted Pro Hac Vice)*
McDermott Will & Emery LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105
(650) 815-7400

Sarah Chapin Columbia *(Admitted Pro Hac Vice)*
Sarah J. Fischer *(Admitted Pro Hac Vice)*
McDermott Will & Emery LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
(617) 535-4000

Mandy H. Kim *(Admitted Pro Hac Vice)*
McDermott Will & Emery LLP
18585 Jamboree Road, Suite 250
Irvine, CA 92612-2565
(949) 757-6061

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing is being served via the Court's CM/ECF system on April 29, 2025, on all counsel of record who consent to electronic service.

By: _/s/ Samoneh Schickel_
Samoneh Schickel

11