# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>　　　　　Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF
BEN JOHNSON PURSUANT TO FED. R. CIV. P. 30(b)(1)**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(1) of the Federal Rules of Civil

Procedure, Plaintiff the Board of Regents of The University of Texas System ("Plaintiff" or "The

University of Texas") by and through its counsel, will take the deposition of Ben Johnson. The

deposition will take place on June 11, 2025 at 9:00 AM local time at the offices of McKool Smith,

303 Colorado Street, Suite 2100, Austin, TX 78701, or such other time or location agreed to by

the parties, before a Notary Public or other officer duly authorized to administer oaths. Notice is

further given that the deposition testimony will be recorded by stenographic means, by videotape,

and real time transcription services may be utilized.

**Exhibit 3
Page 1**

Dated: June 3, 2025

**MCKOOL SMITH, P.C.**

*/s/ Christian Hurt*
Christian Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-978-4000
Telecopier: 214-978-4044

Jamie Levien (*Admission Pending*)
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite 1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344

Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar (*Admission Pending*)
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

***ATTORNEYS FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM***

**Exhibit 3
Page 2**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on June 3, 2025.

/s/ *Christian Hurt*

Christian Hurt

**Exhibit 3**
**Page 3**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM | |
| Plaintiff, | Civil Action No. 1:24-cv-1524-DAE |
| vs. | JURY TRIAL DEMANDED |
| ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC. | |
| Defendants | |

**PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF**
**HEATHER SMITH PURSUANT TO FED. R. CIV. P. 30(b)(1)**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(1) of the Federal Rules of Civil

Procedure, Plaintiff the Board of Regents of The University of Texas System ("Plaintiff" or "The

University of Texas") by and through its counsel, will take the deposition of Heather Smith.  The

deposition will take place on June 12, 2025 at 9:00 AM local time at the offices of McKool Smith,

303 Colorado Street, Suite 2100, Austin, TX 78701, or such other time or location agreed to by

the parties, before a Notary Public or other officer duly authorized to administer oaths.  Notice is

further given that the deposition testimony will be recorded by stenographic means, by videotape,

and real time transcription services may be utilized.

**Exhibit 3**
**Page 4**

Dated: June 3, 2025

**MCKOOL SMITH, P.C.**

*/s/ Christian Hurt*
Christian Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-978-4000
Telecopier: 214-978-4044

Jamie Levien (*Admission Pending*)
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite 1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344

Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar (*Admission Pending*)
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

***ATTORNEYS FOR PLAINTIFF THE
BOARD OF REGENTS OF THE
UNIVERSITY OF TEXAS SYSTEM***

**Exhibit 3
Page 5**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on June 3, 2025.

/s/ *Christian Hurt*
Christian Hurt

**Exhibit 3**
**Page 6**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM | |
| Plaintiff, | Civil Action No. 1:24-cv-1524-DAE |
| vs. | JURY TRIAL DEMANDED |
| ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC. | |
| Defendants | |

**PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF
JANE REGAN PURSUANT TO FED. R. CIV. P. 30(b)(1)**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff the Board of Regents of The University of Texas System ("Plaintiff" or "The University of Texas") by and through its counsel, will take the deposition of Jane Regan. The deposition will take place on June 13, 2025 at 9:00 AM local time at the offices of McKool Smith, 303 Colorado Street, Suite 2100, Austin, TX 78701, or such other time or location agreed to by the parties, before a Notary Public or other officer duly authorized to administer oaths. Notice is further given that the deposition testimony will be recorded by stenographic means, by videotape, and real time transcription services may be utilized.

**Exhibit 3
Page 7**

Dated: June 3, 2025

**MCKOOL SMITH, P.C.**

*/s/ Christian Hurt*
Christian Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-978-4000
Telecopier: 214-978-4044

Jamie Levien (*Admission Pending*)
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite 1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344

Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar (*Admission Pending*)
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

***ATTORNEYS FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM***

**Exhibit 3**
**Page 8**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on June 3, 2025.

/s/ *Christian Hurt*
Christian Hurt

3

**Exhibit 3**
**Page 9**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM | |
| Plaintiff, | Civil Action No. 1:24-cv-1524-DAE |
| vs. | JURY TRIAL DEMANDED |
| ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC. | |
| Defendants | |

**PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF**
**STEVE BOSSONE PURSUANT TO FED. R. CIV. P. 30(b)(1)**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(1) of the Federal Rules of Civil

Procedure, Plaintiff the Board of Regents of The University of Texas System ("Plaintiff" or "The

University of Texas") by and through its counsel, will take the deposition of Steve Bossone.  The

deposition will take place on June 10, 2025 at 9:00 AM local time at the offices of McKool Smith,

303 Colorado Street, Suite 2100, Austin, TX 78701, or such other time or location agreed to by

the parties, before a Notary Public or other officer duly authorized to administer oaths.  Notice is

further given that the deposition testimony will be recorded by stenographic means, by videotape,

and real time transcription services may be utilized.

**Exhibit 3**
**Page 10**

Dated: June 3, 2025

**MCKOOL SMITH, P.C.**

*/s/ Christian Hurt*
Christian Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-978-4000
Telecopier: 214-978-4044

Jamie Levien (*Admission Pending*)
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite 1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344

Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar (*Admission Pending*)
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

***ATTORNEYS FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM***

**Exhibit 3**
**Page 11**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on June 3, 2025.

/s/ *Christian Hurt*
Christian Hurt

**Exhibit 3**
**Page 12**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM** | **Civil Action No. 1:24-cv-1524-DAE** |
| **Plaintiff,** | |
| **vs.** | **JURY TRIAL DEMANDED** |
| **ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.** | |
| **Defendants.** | |

### PLAINTIFF'S AMENDED FIRST NOTICE OF DEPOSITION OF DEFENDANTS PURSUANT TO FED. R. CIV. P. 30(b)(6)

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff the Board of Regents of The University of Texas System ("Plaintiff" or "The University of Texas") by and through its counsel, will take the deposition of Defendants Alnylam Pharmaceuticals, Inc. and Alnylam U.S., Inc. ("Alnylam" or "Defendants") by oral examination of witness(es) designated by Alnylam to testify on its behalf concerning the matters listed in Attachment A. The deposition will take place on June 10, 2025 at 9:00 AM local time at the offices of McKool Smith, 300 Crescent Court, Suite 1200, Dallas, TX 75201, or such other time or location agreed to by the parties, before a Notary Public or other officer duly authorized to administer oaths. Notice is further given that the deposition testimony will be recorded by stenographic means, by videotape, and real time transcription services may be utilized.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Rule 30(b)(6) of the Federal Rule of Civil Procedure, Alnylam is required to designate one or more appropriate person(s) to testify fully on its behalf with respect to each of the topics listed in Attachment A, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available

1

**Exhibit 3 Page 13**

to Alnylam.  Please provide notice of the identity of the witness(es) Alnylam designates to Plaintiff's counsel no later than ten (10) days prior to the date of the deposition.

Dated: June 3, 2025

**MCKOOL SMITH, P.C.**

*/s/ Christian Hurt*
Christian Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: 214-978-4000
Telecopier: 214-978-4044

Jamie Levien (*Admission Pending*)
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite 1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344

Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar (*Admission Pending*)
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

***ATTORNEYS FOR PLAINTIFF THE
BOARD OF REGENTS OF THE***

**Exhibit 3
Page 14**

*UNIVERSITY OF TEXAS SYSTEM*

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on June 3, 2025.

                                  /s/ *Christian Hurt*
                                  Christian Hurt

**Exhibit 3**
**Page 15**

**ATTACHMENT A**

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be given their usual meaning and shall be interpreted in their common, ordinary sense. As used in the topics for examination below, the terms set forth below shall be defined as follows:

1.      "You" or "Your" refers to the specific Defendant responding to these discovery requests and its divisions, affiliates, predecessors, successors, assigns, officers, directors, parents, subsidiaries, agents, employees, investigators, attorneys, consultants, and all other persons acting or purporting to act for any of them or on their behalf or under their control or direction.

2.      "Plaintiff" or the "The University of Texas" means the Board of Regents of The University of Texas System and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns thereof, including the University of Texas M. D. Anderson Cancer Center, and all directors, officers, employees, agents, consultants, representatives, or persons acting or purporting to act on behalf of, or under the control of, any of the foregoing entities; and all other persons, acting or purporting to act under The University of Texas's control or on The University of Texas's behalf, and/or under the control of or on behalf of The University of Texas's present and former parent companies, subsidiaries and affiliates, predecessors and successors in interest, present and former directors, officers, employees, attorneys, agents, and any other representatives.

3.      "Defendants" or "Alnylam" means Defendants Alnylam Pharmaceuticals, Inc. and Alnylam U.S., Inc., and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns thereof, and all directors, officers, employees, agents, consultants, representatives, or persons acting or purporting to act on behalf of, or under the control of, any of the foregoing entities; and all other persons, acting or purporting to act under

1

**Exhibit 3**
**Page 16**

Alnylam's control or on Alnylam's behalf, and/or under the control of or on behalf of Alnylam's present and former parent companies, subsidiaries and affiliates, predecessors and successors in interest, present and former directors, officers, employees, attorneys, agents, and any other representatives.

4.    "District" shall refer to the Western District of Texas and its geographical bounds.

5.    "Person" or "Persons" mean, unless otherwise specified, any natural person, firm, entity, company, corporation partnership, trust, proprietorship, association, joint venture, government, or government agency or other form of business organization or arrangement of every nature and type, and any director, officer, employee, or agent working or acting on behalf thereof, and means both the singular and plural.

6.    "Time Period" shall refer to December 12, 2018 through the present.

7.    "Accused Product" means Patisiran, as approved by the U.S. Food and Drug Administration and sold under the brand name Onpattro, and any prototype of Patisiran that was researched prior to and/or after approval.

8.    "Employee" refers to an individual or entity retained to perform work for or on behalf of Defendants and is compensated (monetarily or other) for such work, including but not limited to, full-time employees, part-time employees, contractors, interns, and employees, without regard to the tax status or identification of such individuals.

9.    "Third Party" or "Third Parties" mean any natural Person and/or any business, legal, and/or governmental entity and/or association and, where applicable, their current and former officers, directors, employees, consultant, attorneys, experts, agents, partners, corporate parents, subsidiaries, predecessors and/or affiliates of any of them, that are not a party to this litigation.

**Exhibit 3**
**Page 17**

10.     "Document" or "Documents" mean documents and things are broadly defined in Rule 34 of the Federal Rules of Civil Procedure, and includes papers of all kinds and non-paper information storage means, including by way of example and without limitation, originals and copies, however made, of letters, memoranda, notes, computer generated data, calendars, records, minutes, studies, reports, notebooks, messages, telegrams, ledgers, legal instruments, agreements, drawings, sketches, graphs, prints, hand-written notes, rough drafts, secretarial notes, work pads, diaries, films, tapes, videotapes, pictures, photographs, books, pamphlets, publications, advertisements, sales literature, brochures, manuals, price lists, announcements, electronic mail message, or other writings, records, or tangible objects produced or reproduced mechanically, electrically, photographically, or chemically. This definition is subject to any other regarding document discovery to be agreed upon by the parties and/or ordered by the Court.

11.     "Thing" or "Things" mean any tangible item other than a Document.

12.     "Concerning" means relating to, referring to, describing, evidencing, or constituting and shall be construed in the broadest sense to require the production of all Documents which contain and comprise any Communications (including representation, requests, demands, and the like) referred to, and Documents that discuss, mention, or pertain to the subject matter of the request.

13.     "Reflecting," "referring," "relating to," or any derivation thereof mean, without limitation consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

3

**Exhibit 3**
**Page 18**

14.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses or documents that otherwise might be construed to be outside of its scope.

15.     "All," "any," and "each," as used herein, shall be construed to mean "each and every."

16.     "Including" (and the like) means including, without limitation.

17.     "Date" means the exact day, month, and year, if ascertainable; and if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations, or matters.

18.     "Agreement" means a contract, arrangement, subscription, or understanding, formal or informal, oral written between two or more Persons.

19.     "Communications" means without limitation every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email personal delivery or otherwise, including but not limited to letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

20.     The use of the singular form of any word includes, the plural and vice-versa and any verbs encompass all tenses.

21.     "Motion to Dismiss" means Defendants Motion to Dismiss the Complaint for Improper Venue or in the Alternative Transfer Under Rule 12(b)(3), filed at Dkt. No. 21 in Case No. 1:24-cv-1524-DAE, all exhibits attached thereto, and any further venue transfer briefing that Defendants submit in this matter.

**Exhibit 3**
**Page 19**

## <u>INSTRUCTIONS</u>

The following instructions apply to the topics for examination found below.

1.     No later than ten (10) days prior to the commencement of the deposition, Alnylam is requested to provide Plaintiff with: (1) the identity of each designated individual; (2) the subject matter upon which each such individual is designated to testify; and (3) confirmation that all potentially responsive Documents Relating to the below topics has been or will be produced.

2.     For each topic listed below, the designated witness should be prepared to provide testimony concerning and to explain the meaning of Documents produced by You that relate to the topic.

3.     The definitions set forth herein have the broadest meaning under the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, and all other applicable rules related to this lawsuit.

4.     Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to Include past, present, and future tenses; and the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these topics any information that might otherwise be considered outside their purview.

**Exhibit 3**
**Page 20**

**TOPICS FOR EXAMINATION**

1.      The identity, role, job responsibilities, tenure, and assigned territory, if any, of all Alnylam employees in the Western District of Texas, employees whose assigned territory encompasses any portion of the District, or other individuals referred to in Defendants' Motion to Dismiss and the Declaration of Steve Bossone in support of Defendants' Motion to Dismiss (*see* Dkt. No. 21-1).

2.      The identity and location of any Person, including Third Parties, that Alnylam may call as a witness in this matter, and the subject matter of their knowledge and potential testimony.

3.      Alnylam's hiring processes for positions that are "based on territory" where the "territory" encompasses any portion of the District.

4.      Alnylam's policies, official and/or unofficial, regarding in-person reporting, hybrid employment, remote employment, and reimbursements.

5.      Alnylam's sales territories, regions, or other geographic market segments, including subdivisions thereof, and how Alnylam assigns employees to those locations.

6.      Materials that Alnylam provides, makes available, or reimburses purchase costs for employees in the District relating to the Accused Product and/or the employee's job responsibilities.

7.      Alnylam's sales, revenues, profits, advertising, or attempts to generate revenues, profits, or sales of the Accused Product within the District during the Time Period.

8.      Alnylam's policies regarding commissions (or other types of credit, including non-monetary credit) for sales of the Accused Product.

9.      The date, location, and circumstances of each visit or meeting by an Alnylam Employee or contract Employee to a location in the state of Texas for the purposes of conducting

6

**Exhibit 3**
**Page 21**

Alnylam Business, excluding instances where an Alnylam employee is a Texas resident and was at home and no other persons were present conducting Alnylam business.

10.     The date, location, and circumstances surrounding each research project or clinical trial conducted by or involving Alnylam that occurred in whole or in part in the District, including the sponsor, the primary investigator, any other investigators, any contract companies or employees used in the project or trial, the nature of the project or trial, and the aspects of it that were or are being conducted in.

11.     Alnylam's completed, ongoing, and planned activities in the District relating to the Accused Product.

12.     Alnylam's efforts to identify relevant witnesses, including how such witnesses were identified; all Employees interviewed and/or considered; the relevant, unique, and noncumulative knowledge contended to be unique that is held by the witness; possible alternative witnesses.

**Exhibit 3
Page 22**