# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM,<br><br>Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>Defendants. | Civil Action No. 1:24-cv-1524-DAE |

**DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Defendants Alnylam Pharmaceuticals, Inc. and Alnylam U.S. Inc. ("Alnylam" or "Defendants") by and through its undersigned counsel, hereby provide Plaintiff the following initial disclosures (the "Initial Disclosure Statement") pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. By submitting this Initial Disclosure Statement, Alnylam does not waive any defenses.

These Initial Disclosures are based upon information presently and reasonably available and specifically known to Alnylam. Alnylam reserves the right to modify, amend, and/or supplement the Initial Disclosures made herein as additional evidence and information becomes available. Alnylam submits these Initial Disclosures without waiving any applicable privilege, immunity, or right to object to admissibility at trial of any information contained in or derived from these Initial Disclosures. Alnylam's production of anything, whether documents or information, is not and shall not be construed as an admission of the relevance or admissibility into evidence of such documents or information. Alnylam expressly reserves the right to object to the relevance or admissibility of any document or information disclosed, and reserves any other

1

applicable objections it may have, including but not limited to, objections based on the attorney-client privilege, the attorney work product doctrine, burden, and confidentiality. Further, Alnylam reserves the right to call any witness or present any document or tangible thing at trial that is identified through further investigation or discovery or that is identified in Plaintiff's initial disclosures.

## I. INDIVIDUALS WHO MAY HAVE DISCOVERABLE INFORMATION PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)(i)

Based on information currently available, the following individuals are likely to have discoverable information that Alnylam may use in support of its claims or defenses. Other individuals, including but not limited to current or past employees or representatives of Alnylam, may also have discoverable information, and Alnylam specifically reserves the right to identify additional witnesses, should any exist, as discovery proceeds. The Alnylam employees listed in this section should be contacted through the undersigned counsel at McDermott Will & Emery LLP ("MWE"). Alnylam also anticipates that its counsel will also represent former employees of Alnylam, if any, and accordingly former Alnylam employees should be contacted through the undersigned counsel at McDermott Will & Emery unless otherwise advised. Alnylam does not consent to or authorize Plaintiff to communicate with Alnylam's employees or former employees.

Alnylam reserves the right to add or remove individuals from this disclosure depending on discovery that has not yet been provided and on Alnylam's continued investigation. Subject to the foregoing qualifications, Alnylam discloses the following people as likely to have discoverable information that Alnylam may use to support its claims or defenses[1]:

---

[1] As disclosed in Alnylam's motion to dismiss, in addition to the individuals listed below, the following individuals may have discoverable information relating to the research and development of Onpattro: Muthusamy Jayaraman, Dinah Sah, Gregory Hinkle, Rene Alvarez, Stuart Milstein, Qingmin Chen, Joseph Robert Dorkin, Xiaojun Qin, William Cantley, Kallanthottahil G. Rajeev,

2

| Name | Contact Information | Subject |
|---|---|---|
| Anil K. Sood | Unknown | Issues related to Plaintiff's asserted patent, including ownership of the asserted patent, licensing of the asserted patent, conception and reduction to practice of the claimed invention in the asserted patent, prosecution of the asserted patent, the 2007 meeting with Alnylam, any purported commercialization and practicing of the alleged invention, prior art to the asserted patent, and information regarding Plaintiff and this lawsuit. |
| Gabriel Lopez-Berestein | Unknown | Issues related to Plaintiff's asserted patent, including ownership of the asserted patent, licensing of the asserted patent, conception and reduction to practice of the claimed invention in the asserted patent, prosecution of the asserted patent, the 2007 meeting with Alnylam, any purported commercialization and practicing of the alleged invention, prior art to the asserted patent, and information regarding Plaintiff and this lawsuit. |
| Charles N. Landen | Unknown | Issues related to Plaintiff's asserted patent, including ownership of the asserted patent, licensing of the asserted patent, conception and reduction to practice of the claimed invention in the asserted patent, prosecution of the asserted patent, the 2007 meeting with Alnylam, any purported commercialization and practicing of the alleged invention, prior art to the asserted patent, and information regarding Plaintiff and this lawsuit. |

---

Jayaprakash Nair, and Rena Denoncourt.  As disclosed in Alnylam's motion to dismiss, the following individuals also may have discoverable information relating to the 2007 meeting with Drs. Sood and Lopez-Bernstein: Dinah Sah, Nagesh Mahanthappa, Sara Nochur, Christina Gamba-Vitalo, Victor Kotelianski, Hans-Peter Vornlocher, Tony de Fougerolles, and David Bumcrot.  These persons should be contacted through undersigned counsel at MWE.

3

| Name | Contact Information | Subject |
| --- | --- | --- |
| Arturo Chavez-Reyes | Unknown | Issues related to Plaintiff's asserted patent, including ownership of the asserted patent, licensing of the asserted patent, conception and reduction to practice of the claimed invention in the asserted patent, prosecution of the asserted patent, the 2007 meeting with Alnylam, any purported commercialization and practicing of the alleged invention, prior art to the asserted patent, and information regarding Plaintiff and this lawsuit. |
| One or more as yet unidentified individual(s) | To be determined | Plaintiff's licensing policies, including as they relate to the asserted patent, and Plaintiff's financials and marketing, if any, relating to any purported commercialization of the claimed invention in the asserted patent. |
| Steve Bossone | This person should be contacted through undersigned counsel at MWE | History of Alnylam's work regarding Onpattro and general corporate knowledge. |
| Akin Akinc | This person should be contacted through undersigned counsel at MWE | Research and development of Onpattro. 2007 Meeting with Drs. Sood and Lopez-Bernstein.<br><br>General state of the art and development of lipid nanoparticles for the delivery of nucleic acid materials. |
| Muthiah Manoharan | This person should be contacted through undersigned counsel at MWE | Research and development of Onpattro.<br><br>General state of the art and development of lipid nanoparticles for the delivery of nucleic acid materials. |

4

| Name | Contact Information | Subject |
|---|---|---|
| Jayaprakash Nair | This person should be contacted through undersigned counsel at MWE | Research and development of Onpattro. |
| Akshay Vaishnaw | This person should be contacted through undersigned counsel at MWE | 2007 Meeting with Drs. Sood and Lopez-Bernstein. |
| Kevin Fitzgerald | This person should be contacted through undersigned counsel at MWE | 2007 Meeting with Drs. Sood and Lopez-Bernstein. |
| Martin Maier | This person should be contacted through undersigned counsel at MWE | 2007 Meeting with Drs. Sood and Lopez-Bernstein. General state of the art and development of lipid nanoparticles for the delivery of nucleic acid materials. |
| Mark Soued | This person should be contacted through undersigned counsel at MWE | Marketing, sales, and financial information relating to Onpattro. |
| Gina Tracey | This person should be contacted through undersigned counsel at MWE | Marketing, sales, and financial information relating to Onpattro. |
| Authors of prior art references | To be determined | May have information regarding prior art to the asserted patent. |

5

Other individuals, not specifically known to Alnylam at this time, may possess relevant information. Alnylam hereby incorporates by reference all individuals listed in Plaintiff's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a), all persons identified by any party in answers to interrogatories, all expert witnesses designated by any party, and all persons identified in any document produced in this litigation.

Alnylam reserves the right to supplement these Initial Disclosures if additional individuals with relevant knowledge or information are discovered and/or identified.

II. **DESCRIPTION BY CATEGORY AND LOCATION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT ALNYLAM MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)(ii)**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Alnylam hereby identifies the following categories of documents located to date that it may use in support of its defenses. The disclosures made herein are based upon the information reasonably available at the time of these Initial Disclosures and based upon the current state of the action. Alnylam reserves the right to amend and supplement as additional discovery in this matter proceeds. By describing the following categories and locations of documents, Alnylam does not waive any privilege or protection and expressly reserves the right to challenge the relevance or admissibility of some or all of these documents at trial.

| Document Category | Location |
|---|---|
| Documents related to the research and development of Onpattro | Alnylam's facilities in Cambridge, MA and/or offices of MWE |
| To the extent they exist, documents related to the 2007 meeting between Alnylam and Drs. Sood and Lopez-Bernstein | Alnylam's facilities in Cambridge, MA and/or offices of MWE |
| Documents relating to Alnylam's marketing of Onpattro and financial information relating to the sale of Onpattro | Alnylam's facilities in Cambridge, MA and/or offices of MWE |

| Prior art and related documents | Patent Office and/or Alnylam's facilities in Cambridge, MA and/or offices of MWE |
|---|---|

Many of these documents contain or embody proprietary and confidential information of Alnylam. Until the Court enters a protective order, all documents produced or made available for inspection or copying in this case shall be treated by the receiving party as "Highly Confidential – Attorneys' Eyes Only" with no access permitted to any in-house counsel.

Alnylam reserves the right to withhold from production any material that falls into the above general categories but that is subject to attorney-client privilege, the work product doctrine, or confidential treatment under the terms of any protective order entered in this case. Alnylam further reserves the right to withhold from production any material that falls into the above general categories, but are duplicative, cumulative, or irrelevant. Alnylam also reserves the right to rely upon any document otherwise produced in connection with this lawsuit, including any exhibit filed in connection with this lawsuit, documents identified by either party in this litigation, as well as any document that may be in the parties' possession, custody, or control. Alnylam reserves the right to supplement this list of categories of documents that it may use to support its claims.

**III.   COMPUTATION OF DAMAGES PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)(iii)**

Alnylam maintains that they are not liable to Plaintiff, and that Plaintiff is not entitled to recover any damages based on the allegations in the Complaint.

Alnylam intends to seek an award of its costs, expenses, and reasonable attorneys' fees in this action under 35 U.S.C. § 285. Alnylam's investigation of the facts and circumstances related to this case is ongoing. Alnylam reserves the right to supplement this Initial Disclosure Statement.

## IV. INSURANCE PURSUANT TO FED. R. CIV. P. 26(a)(1)(A)(iv)

Based on information currently available, Alnylam is not aware of any applicable insurance agreement that may provide coverage related to the current litigation.

Dated: May 7, 2025

*/s/ Samoneh Schickel*
Samoneh Schickel
Texas Bar No. 24097911
Syed K. Fareed
Texas Bar No. 24065216
McDermott Will & Emery LLP
300 Colorado Street, Suite 2200
Austin, TX 78701
Tel: (512) 726-2600
Fax: (512) 532-0002
sschickel@mwe.com
sfareed@mwe.com

William G. Gaede, III *(Admitted Pro Hac Vice)*
McDermott Will & Emery LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105
(650) 815-7400
wgaede@mwe.com

Sarah Chapin Columbia *(Admitted Pro Hac Vice)*
Sarah J. Fischer *(Admitted Pro Hac Vice)*
McDermott Will & Emery LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
(617) 535-4000
scolumbia@mwe.com
sjfischer@mwe.com

Mandy H. Kim *(Admitted Pro Hac Vice)*
McDermott Will & Emery LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92612-2565
(949) 757-6061
mhkim@mwe.com

*Attorneys for Defendants
Alnylam Pharmaceuticals, Inc. and Alnylam U.S. Inc.*

8

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 7, 2025, I caused the foregoing document to be served via electronic mail on all counsel of record.

*/s/ Samoneh Schickel*
Samoneh Schickel