IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>   Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>   Defendants | Civil Action No. 1:24-cv-1524-DAE<br><br>JURY TRIAL DEMANDED |

**SUPPLEMENTAL CASE MANAGEMENT REPORT**

Pursuant to the parties' Joint Stipulation to Stay Non-Venue Related Deadlines and to Set a Supplemental Scheduling Conference (Dkt. 63), Plaintiff the Board of Regents of the University of Texas System ("Plaintiff," the "University," or "MD Anderson") and Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S., Inc. (collectively, "Alnylam" or "Defendants," and together with Plaintiff, the "Parties") jointly submit this Supplemental Case Management Report and a Second Amended Scheduling Order.

**1. Case History**

In December, 2024, Plaintiff filed a complaint that asserts a claim for patent infringement of U.S. Patent No. 8,896,717 (the "'717 Patent"). *See* Dkt. 1. Plaintiff seeks statutory damages, up to treble damages for willful infringement under 35 U.S.C. § 284, and reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285 as appropriate. *Id.*

On February 5, 2025, Defendants filed a motion to dismiss the Complaint under Rule 12(b)(3) for improper venue, or, in the alternative, to transfer this case to the District of Massachusetts ("Motion to Dismiss"). *See* Dkt. 21. On April 24, 2025, the Court issued a Case

Management Scheduling Order, setting forth various deadlines for the case. Dkt. 37. On April 29, 2025, Defendants moved to stay discovery pending resolution of its Motion to Dismiss. Dkt. 38. On May 20, 2025, the Court issued an Amended Case Management Scheduling Order, whereby the Court extended the deadline to amend or supplement pleadings or to join additional parties to July 18, 2025. Dkt. 49. On July 1, 2025, after a hearing, the Court granted in part and denied in part Defendants' Motion to Stay Discovery. Dkt. 55. The Court's Order allowed the parties to conduct limited venue discovery, as reproduced below (Dkt. 55):

> The court will allow the parties to conduct limited venue discovery subject to the following constraints and timeline. Plaintiff is allowed ten requests for production, five interrogatories, and 10 hours total of depositions (including 30(b)(1) and 30(b)(6)). Plaintiff shall serve its requests for production, interrogatories, and any 30(b)(6) topics **on or before July 9, 2025**; Defendants shall respond to the written discovery **on or before July 16, 2025**; and Plaintiff shall serve any 30(b)(1) notices as quickly as possible upon receiving Defendants' responses. All depositions shall be completed **on or before August 8, 2025**.
>
> Accordingly, the court **GRANTS in part and DENIES in part** both Defendants' Opposed Motion to Stay Discovery (Dkt. 38) and Defendants' Opposed Motion for Protective Order (Dkt. 50). The motions are granted to the extent described above, and all remaining discovery deadlines in this case, except the limited venue discovery deadlines described above, are **STAYED** through August 8, 2025.

On July 2, 2025, the Court denied Defendants' Motion to Dismiss without prejudice to refiling based on limited venue discovery obtained from Defendants (Dkt. 57):

> Before the Court is Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, Transfer (Dkt. #21). Since the filing of that motion, the parties have litigated several discovery disputes, and on July 1, 2025, U.S. Magistrate Judge Mark Lane ordered limited venue discovery to proceed through August 8, 2025. (Dkt. # 56).
>
> In light of the forthcoming venue discovery, the Court finds that Defendants' motion is not yet ripe for consideration and may be mooted or materially altered by the results of that discovery. Rather

2

> than attempt to resolve the motion on a record that is still being developed, the Court concludes that denial without prejudice to refiling is appropriate.
>
> Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, Transfer (Dkt. # 21) is **DENIED WITHOUT PREJUDICE** to refiling following the conclusion of venue discovery.

On July 29, 2025, Plaintiff filed an unopposed motion to extend time to complete venue depositions. Dkt. 60. On July 30, 2025, the Court granted Plaintiff's motion, extending the deadline to complete venue discovery to September 12, 2025. July 30, 2025 Text Order.

On August 4, 2025, the parties filed a joint stipulation to stay non-venue related deadlines and to "request a Supplemental Scheduling Conference the week of September 29, 2025, or thereafter at the convenience of the Court, with a Supplemental Case Management Report and proposed Second Amended Scheduling Order to be filed by September 24, 2025, to address a revised case schedule and the effect, if any, of a renewed motion to stay in support of a renewed Motion to Dismiss." Dkt. 63. On August 6, 2025, the Court granted the parties' joint stipulation, ordering that "[a]ll deadlines in this case shall be stayed subject to further court order except for the completion of venue discovery and Plaintiff's anticipated Rule 12 Motion on Defendants' Answer." Dkt. 64. The Court also set a supplemental scheduling conference for September 30, 2025 and ordered the parties to "file a joint Supplemental Case Management Report and proposed Second Amended Scheduling Order by **September 24, 2025**." *Id.*

Defendants filed their Answer on July 16, 2025. *See* Dkt. 58. Plaintiff filed a Motion to Strike the inequitable conduct allegations in the Answer on August 27, 2025. *See* Dkt. 66. Defendants filed a response on September 17, 2025, *see* Dkt. 67, and Plaintiff's reply is due on October 1, 2025, *see* Dkt. 62.

3

Defendants stated they will file on September 24, 2025 a renewed Motion to Dismiss and a Motion to Continue the Stay.

**2.      Proposed Second Amended Scheduling Order**

The parties' proposed Second Amended Scheduling Order is attached as Exhibit 1.  The parties' respective positions on the Scheduling Order are below.

**Plaintiff's Position**

Plaintiff respectfully requests that the Court enter Plaintiff's schedule.  That schedule tracks the Amended Scheduling Order (Dkt. 49) with the deadlines shifted to begin on November 14, 2025 (six weeks after the September 30, 2025 scheduling conference).  For this schedule, Plaintiff accommodated Defendants' request to extend deadlines by approximately 30 days beyond Plaintiff's initial proposal.

This case should proceed while Defendants' venue challenge is pending, as Plaintiff has argued in prior briefing.  *See, e.g.*, Dkt. 46 at 2–4,  5–8).  As the Court noted in April, regardless of the ultimate trial venue (here or Massachusetts), the same merits discovery will need occur anyway.  Dkt. 38-3 at 18:11–20 (transcript of April 23, 2025 Hearing).

> [T]he depositions will be taken in Boston or Houston or Austin, where some of these executives may have been.  And so that's going to happen either way in that location, and the documents that are going to be exchanged, they're going to be exchanged whether you're doing it here or you're doing it in Massachusetts.

The Court's statements apply to the schedule that Plaintiff proposes.  Defendants previously forecasted that the Court would rule on their venue motion within four months of being filed. Dkt. 46-1 (Schedule Defendants proposed at the April 23, 2025 hearing).  And the Defendants' data source below (Docket Navigator) likewise shows that the Court, on average, rules on Section 1404(a) motions in patent cases within about four to five months after filing.

4

| | Occurrences | Minimum | 2nd Percentile | First Quartile | Median | Third Quartile | 98th Percentile | Maximum | Average |
|---|---|---|---|---|---|---|---|---|---|
| Motion to Transfer Venue for Convenience (28 USC § 1404(a)) | 4 | 1.0 | | | 3.6 | | | 6.7 | 3.7 |
| Motion to Transfer for Improper Venue (28 USC § 1406(a)) | 1 | 4.8 | | | | | | 4.8 | 4.8 |

Applying these forecasts to Plaintiff's proposed schedule, the Court would not reach the merits issues for this case before ruling on Defendants' venue motion. Under the parties' agreed schedule, the *Markman* hearing is seven months from now and summary-judgment briefing does not start until 2027. If the Court believes that this case has progressed too far into merits issues, the Court can address those issues at that time. But, in the interim, the parties would focus on tasks that the Court recognized need to occur regardless of the Court's ultimate venue ruling (*e.g.*, core merits discovery[1]). Plaintiff submits, in these circumstances, it is appropriate for the Court to enter a schedule that allows the parties to move this dispute forward.

Defendants' arguments below are largely recycled from their prior briefing, and Plaintiff has already responded to them. *See, e.g.*, Dkt. 46. Defendants do not point to any substantive differences between how contentions and discovery would proceed here instead of Massachusetts. They instead complain about the discovery limits and invalidity contentions practice they <u>agreed</u> to here. Indeed, Defendants never proposed adopting the contention practice and discovery limits

---

[1] On May 7, 2025, Plaintiff served written discovery on core merits issues, *e.g.*, the details of the Accused Product that bears on infringement and financial and licensing information that bears on damages. *See, e.g.*, Dkt. 50-3 at 23–39 (Interrogatories); *id.* at 42–63 (Requests for Production). Defendants had these requests for almost two months when the Court ruled on the Motion to Stay and presumably have already begun collecting documents and drafting interrogatory responses.

from Massachusetts. That is because the same contentions practice and core discovery will need to happen regardless of the trial venue of this case. Unlike the cases Defendants' cite below, a stay will not reduce or eliminate the need for fact discovery—it will only postpone that discovery.

Defendants' proposal will only delay that process without a corresponding benefit: if the Court denies Defendants' venue motion (as Plaintiff expects), this case will have needleless been delayed; if the Court grants Defendants venue motion, the contentions and fact discovery conducted here will carry over to the Massachusetts court. This case has already been pending for almost a year without significant progress,[2] largely delayed by Defendants' refusal to provide venue discovery (which the Court ordered in July). Dkt. 55. Defendants simply want more delay for delay's sake: they blame Plaintiff—a research university—for not suing them earlier and blame Plaintiff's counsel for having a two-week jury trial conflict in August (which then caused Defendants to delay presentation of some venue witnesses by an additional two weeks). Dkt. 60 at 2 (stating that, even though Plaintiff's counsel was available, "[i]t is Plaintiff's understanding that at least some of Defendant's witnesses are not available the weeks of August 25th or September 1st due to the Labor Day Holiday."). But these "delays"—which do not bear on a claim or defense in this case—do not warrant further delaying this case without a sufficient reason. The parties will need to engage in core fact discovery regardless of where this case is ultimately tried, and Defendants' proposal will not simplify, reduce, or eliminate that discovery. It will only further delay it.

**Defendants' Position**

---

[2] Plaintiff served its preliminary infringement contentions on June 4, 2025, but Defendants have yet to provide invalidity contentions or merits discovery.

Defendants filed a renewed Motion to Dismiss and a Motion to Continue the Stay (Dkt. 68) in this case following completion of the venue related discovery on September 12. Consistent with the parties' stipulation, the Court should determine "the effect, if any, of a renewed motion to stay in support of a renewed Motion to Dismiss." Those renewed motions have been filed and their effect is best served by maintaining the current stay (Dkt. 64) and not enter a scheduling order in this case until, at a minimum, Defendants' motion to continue the stay has been ruled on. To the extent the Court enters a scheduling order, Defendants respectfully request that the Court enter the parties' proposed schedule.

As a preliminary matter, this Court already entered a stay to allow the parties to complete venue discovery. Dkt. 55 and 64. Plaintiff contends that the case has been pending with little progress for almost a year now and cites to a statistic showing that it takes Judge Ezra 4.8 months to rule on a motion to transfer for improper venue once it has been filed. First, as shown below, that statistic is from this case—that is, it took Judge Ezra 4.8 months to dismiss without prejudice Defendants' Motion to Dismiss for improper venue after Magistrate Judge Lane ordered venue discovery here[3]:

---

[3] Defendants determined which case it was by clicking on the blue dot in the first snapshot, which leads to this case, as shown in the second snapshot.





Second, even if it does take Judge Ezra 4.8 months to rule on Defendants' renewed motion to dismiss, Plaintiff fails to articulate how staying the case for another 4.8 months is prejudicial to Plaintiff, given its overall delay in bringing the suit and extending deadlines in venue discovery. Indeed, Plaintiff ignores the prejudice to Defendants and waste of party and judicial resources if this case were allowed to continue (as discussed in further detail below). The circumstances in this case have not changed since the Court entered the stay here. As such, there is no reason for

the stay to be lifted now—and Plaintiff has not articulated any—when briefing on Defendants' renewed Motion to Dismiss has just commenced.

As previously argued in Defendants' prior motion to stay (Dkts. 38 and 48) and in Defendants' motion to continue staying the case (Dkt. 68), the Federal Circuit and Fifth Circuit have encouraged district courts to prioritize "venue motions [] over substantive proceedings in district court." *In re Netflix, Inc.*, No. 2021-190, 2021 WL 4944826, at *1 (Fed. Cir. Oct. 25, 2021); *see also In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court."). Transfer motions are prioritized over other proceedings because "lengthy delays have the ability to frustrate 28 U.S.C. 1404(a)'s intent to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015). "A stay of merits proceedings is appropriate relief if the district court cannot decide a venue motion quickly enough to avoid burdening the moving party with unnecessary expense and prejudice." *Netflix*, 2021 WL 4944826, at *2.

Magistrate Judge Lane has already stayed proceedings in this case (D.I. 55 & 64), consistent with Judge Ezra's rulings in this District. *See, e.g.*, *Lowery v. Mills*, No. 1:23-CV-129-DAE, 2023 WL 9958230, at *1 (W.D. Tex. Aug. 9, 2023) (granting motion to stay for good cause pending a motion to dismiss "because the parties dispute whether there are jurisdictional issues in this case, [and] the Court finds it would be premature to allow discovery to commence until this threshold issue is resolved" and "resolving the pending motion to dismiss may reduce and/or

preclude the need for discovery altogether"); *Best Glide Aviation Survival Equip., Inc. v. Tag-Z, LLC*, No. 1:23-CV-1080-DAE, 2025 WL 1011778, at *2 (W.D. Tex. Feb. 26, 2025) (granting motion to stay discovery for good cause pending a motion to dismiss because "Plaintiff has not shown that any prejudice will occur by staying discovery" and "resolving the pending motion to dismiss may reduce and/or prelude the need for discovery altogether"). As argued in Defendants' motion to continue staying the case, good cause exists for granting Defendants' motion to continue the stay and not enter a schedule in this case.

A stay will not prejudice Plaintiff. As this Court recognized, and Plaintiff's counsel acknowledged, there is no prejudice to Plaintiff here given Plaintiff's 5-year delay in asserting its patent rights:[4]

> Court: "[Y]ou-all have stood on your rights for almost five years before you filed this lawsuit. You know, I don't know how true or not that is. But if anything approaching that's true, doesn't that may any complaints on Plaintiff's part that time is of the essence and we have to move forward right now? Doesn't that belie that type of complaint on you-all's part? So what is the truth? Did you-all sit on your rights for five years or not?."
>
> Plaintiff's Counsel: "Well, Your Honor, it is the case that the product launch in 2019. That is the case."
>
> . . . .
>
> Court: "[W]hen I hear you complaining about how time is of the essence, it rings a little hollow with me. . . ."

July 1, 2025 Tr. at 20:3-12, 21:3-4. Indeed, Plaintiff was in a rush to commence and complete venue discovery, but once commenced, sought a more than one-month extension due to

---

[4] Plaintiff's asserted patent issued on November 25, 20214, Dkt. 1-1 at 1, and Defendants' accused product has been on the market since at least 2019. Dkt 38-2. Yet, Plaintiff waited until December 2024 to file suit against Defendants for patent infringement. Dkt 1.

conflicting commitments it had on other cases. Dkt. 60. Plaintiff's actions show that there is no prejudice to Plaintiff in continuing to stay this case.

<u>Defendants will suffer hardship absent a stay.</u>  Defendants will be forced to expend resources litigating substantive matters in this Court where the rules differ from those used by the potential transferee court. For example, the local rules in the District of Massachusetts limit discovery to 10 depositions, 25 interrogatories, 25 requests for admission, and 2 separate sets of requests for production. Local Rule 26.1(c). This is in contrast to the broader discovery limits in this case, which are set at 30 interrogatories per side, 45 requests for admission per side, 75 requests for production per side, 70 hours of fact deposition per side, and 7 hours of expert deposition per expert report. Dkt. 30 at 11. If fact discovery opens and proceeds in this case, Alnylam will have to expend resources to respond to more discovery requests than would be permitted in the District of Massachusetts.

Similarly, entering a scheduling order and denying Alnylam's motion to continue staying the case would allow the claim construction proceeding and invalidity disclosure deadline to move forward, causing Alnylam to expend resources in doing two claim construction proceedings, if the transferee court decides to perform its own claim construction analysis, and likely two invalidity disclosures. The Federal Circuit has found that these are exactly the types of events that should be stayed pending a motion to transfer. *In re Apple Inc.*, 52 F.4th 1360, 1363 (Fed. Cir. 2022) (finding that "the district court clearly abused its discretion in issuing its scheduling order" and directing the district court "to postpone fact discovery and other substantive proceedings until after consideration of [defendant's] motion for transfer"); *Google Inc.*, 2015 WL 5294800, at *1-2 (admonishing the district court for allowing fact discovery and *Markman* to proceed pending a transfer motion and directing the district court to rule on the transfer motion); *In re SK hynix Inc.*,

11

835 F. App'x 600, 601 (Fed. Cir. 2021) (finding (i) it was an "egregious delay and blatant disregard for precedent" by the court in not ruling on a transfer motion for over eight months and in the meantime denying a stay, scheduling a Markman hearing, and ordering the parties to continue discovery and (ii) ordering that "the district court must stay all proceedings concerning the substantive issues of the case and all discovery until such time it has issued a ruling on the motion [to transfer]").

Plaintiff attempts to minimize Defendants' argument that the Massachusetts rules differ from those here, that the scheduling order would need to be amended, and that work would need to be redone if the case is transferred. But the Federal Circuit recognizes that these issues are real and waste party and judicial resources. *In re Apple*, 52 F.4th 1360, 1363 (Fed. Cir. 2022) (citing cases showing that once the case even proceeds after the exchange of initial disclosures and the start of fact discovery, party and judicial resources are wasted). The case law does not accept Plaintiff's argument.

Plaintiff's contention that this case will proceed on the merits regardless of whether it takes place here in the WDTX or in Massachusetts fails to recognize that the Massachusetts Court should be ruling on any disputes or merits proceedings that arise in this case, not this Court. *In re Apple Inc.*, 52 F.4th at 1363 (noting that judicial economy "***requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit***. . .") (emphasis added). As discussed in further detail below, Plaintiff's contention also fails to recognize, as the Federal Circuit has, that once a case even proceeds after the exchange of initial disclosures and the start of fact discovery, party and judicial resources are wasted. *Id.* (citing cases).

<u>A stay will conserve judicial resources.</u>  This case is at an early stage of litigation. While Plaintiff has served some interrogatories and requests for production bearing on the merits of the case, given the Court's current stay in this case (Dkt. 55), Defendants have not provided any responses or objections, nor have Defendants drafted any.  Defendants also have not collected any documents that might be responsive to Plaintiff's requests for production.  And no other discovery bearing on the merits of this case has commenced.  Staying the case while it is at an early stage will conserve the parties' and the Court's resources. This includes minimizing the need for duplicative proceedings—including negotiating further changes to the scheduling order, potential fact discovery disputes, infringement and invalidity contentions, and claim construction proceedings—in the transferor and transferee courts. As the Federal Circuit has explained, "[j]udicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *In re Apple Inc.*, 52 F.4th at 1363.

Moreover, contrary to Plaintiff's assertion otherwise, neither party knows when the Court will rule on Defendants' renewed Motion to Dismiss.  Statistics show that it takes Judge Ezra 10.2 months on average (with 32.4 months being the max) to rule on a motion to transfer from the time the complaint was filed.  Dkt. 48-3.  Briefing here on Defendants' Motion to Dismiss just commenced.  If the Court were to enter the case schedule, and assuming the Court took 10 months to rule on Defendants' renewed Motion to Dismiss, the parties would be well-past the *Markman* proceeding and either close to the end of fact-discovery or past the end of fact discovery.  Letting the case go forward will only enmesh the Court and the parties into further wasting time, energy,

and money on proceedings that should be taking place in Massachusetts, not in the WDTX. And given the number of discovery and scheduling disputes between the parties—the parties will be before the Court for the third time on September 29, 2025—it is likely that the parties will continue to have disputes requiring the Court's attention. These are disputes, including discovery disputes, that this Court would not need to waste judicial resources on, should it transfer this case to Massachusetts. Not entering a scheduling order and continuing to stay the case until the Court resolves Defendants' renewed Motion to Dismiss will only preserve this Court's (and the parties') resources, not waste them.[5] Defendants thus respectfully request that the Court not enter any scheduling order until Defendants' motion to continue to stay the case has been ruled on. Should the Court enter a scheduling order, Defendants respectfully request that the Court enter the parties' proposed schedule.

---

[5] Plaintiff contends that Defendants refused to provide venue discovery, which delayed the case. Plaintiff ignores that it was not entitled to venue discovery until the Court ruled on Plaintiff's request for venue discovery. Dkt. 24 at 16; Dkt. 25 at 9-10.

Dated: September 24, 2025                    **MCKOOL SMITH, P.C.**

/s/ *Christian J. Hurt*
Christian J. Hurt
Texas Bar No. 24059987
churt@mckoolsmith.com
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4060
Telecopier: (214) 978-4044

Jamie Levien *(Admission Pending)*
New York Bar No. 6161970
jlevien@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1717 K Street NW, Suite 1000
Washington, DC 20006
Telephone: 202-370-8300
Telecopier: 202-370-8344

Jennifer Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Saif Askar *(Admission Pending)*
New York Bar No. 5833181
saskar@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

***ATTORNEYS FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM***

**MCDERMOTT WILL & SCHULTE LLP**

*/s/* Samoneh Schickel
Samoneh Schickel
Texas Bar No. 24097911
McDermott Will & Schulte LLP
300 Colorado Street, Suite 2200
Austin, TX 78701
Tel.: (512) 726-2600
Fax: (512) 532-0002

William G. Gaede, III (Admitted Pro Hac Vice)
McDermott Will & Schulte LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105 (650) 815-7400

Sarah Chapin Columbia (Admitted Pro Hac Vice)
Sarah J. Fischer (Admitted Pro Hac Vice)
McDermott Will & Schulte LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
(617) 535-4000

Mandy H. Kim (Admitted Pro Hac Vice)
McDermott Will & Schulte LLP
18585 Jamboree Road, Suite 250
Irvine, CA 92612-2565
(949) 757-6061

***ATTORNEYS FOR DEFENDANTS ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on September 24, 2025.

*/s/ Christian Hurt*
Christian Hurt