```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF TEXAS
                          AUSTIN DIVISION

The Board of Regents of    )Case Number 1:24-cv-01524-DAE
the University of Texas    )
System,                    )
                           )
     Plaintiff,            )
                           )
vs.                        )Austin, Texas
                           )
Alnylam Pharmaceuticals    )
Inc. et al,                )
                           )
     Defendants.           )September 30, 2025


             *******************************

                 TELEPHONIC STATUS CONFERENCE

       BEFORE THE HONORABLE MAGISTRATE JUDGE MARK LANE

             *******************************

APPEARANCES

For Plaintiff:      Mr. Christian John Hurt
                    McKool Smith, P.C.
                    300 Crescent Court, Suite 1200
                    Dallas, Texas 75201
                    churt@mckoolsmith.com

For Defendants:     Ms. Samoneh (Sammy) Schickel
                    McDermott Will & Schulte LLP
                    300 Colorado Street, Suite 2200
                    Austin, Texas 78701
                    sschickel@mwe.com

- and               Mr. William (Bill) George Gaede, III
                    McDermott Will & Schulte LLP
                    415 Mission Street, Suite 5600
                    San Francisco, California 94105
                    wgaede@mwe.com
```

                    APPEARANCES CONTINUED

TRANSCRIBER:          Ms. April Balcombe, CSR, CRR, CRC
                      501 West 5th Street, Suite 4150
                      Austin, Texas 78701
                      April_Balcombe@txwd.uscourts.gov
                      (512) 391-8795

Proceedings reported by computerized stenography, transcript produced by computer-aided transcription.

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2              THE COURT:  Good morning, everyone.  This is
 3   Mark Lane.  I'm speaking to you from my office at the
 4   US Courthouse in Austin.  We called you here today to
 5   discuss this amended scheduling order that Judge Ezra
 6   has asked us to all look at.
 7              Before we get into that, though, let me
 8   start with the requests that the parties announce.  Tell
 9   me who you are and who you represent.  And we'll start
10   with the plaintiff, please.
11              MR. HURT:  Thank you, Your Honor.  My name
12   is -- this is Christian Hurt.  I'm with the law firm of
13   McKool Smith, and I'm here this morning on behalf of the
14   plaintiff.
15              MR. SCHICKEL:  Good morning, Your Honor.  This
16   is Sammy Schickel from McDermott Will & Schulte LLP on
17   behalf of the defendants, Alnylam.  And with me today is
18   my colleague, Bill Gaede, who will be arguing on behalf
19   of defendants.
20              MR. GAEDE:  Good morning, Your Honor.
21              THE COURT:  All right.  Well, good morning to
22   everyone.  Frankly, I am not sure there's going to be a
23   little of -- a lot of argument, but I want to hear from
24   y'all's perspective.  I want to share with you, though,
25   my perspective.
```

             Judge Ezra is the District Judge, and I'm a
Magistrate Judge and he has referred this scheduling
order of business to me, but he hasn't referred the stay
issue to me.
             So we're all kind of in this awkward spot of
would like the benefit of knowing where the stay is
going, but we're -- we're not favored with that, and,
frankly, I'm not going to call him and ask him when he's
going to make that decision.
             So being a guy who follows orders, I'm
interpreting the current posture of the case is one in
which:  Judge Lane said, give me a scheduling order
that's mutually agreeable to the parties, and I'll take
care of the motion to stay and the motion to transfer
issue.
             So, you know, with that in mind, I note that
y'all have taken the time to craft the Second Amended
Scheduling Order.  I also know that both of y'all would
rather we just not do this right now and we discuss the
stay, but the stay is not in front of me.  And it's not
in front of me yet.  Maybe it will be down the road.
             So my inclination this morning, unless y'all
tell me I'm driving off a cliff, is to enter this Second
Amended Scheduling Order on behalf of Judge Ezra and
simply try to pick a trial date -- well, no, he doesn't

```
 1  have trial dates.
 2             It's really, frankly, this morning to
 3  rubber-stamp what y'all have submitted.  So that's my
 4  perspective, but let me see where you all are.  We'll
 5  start maybe with the plaintiff, Mr. Hurt.
 6             MR. HURT:  Yes, Your Honor, Christian Hurt for
 7  the plaintiff.  That is agreeable to the plaintiff, Your
 8  Honor.  We have an agreed scheduling order that is
 9  attached --
10             THE COURT:  Right.
11             MR. HURT:  -- that has a bunch of deadlines in
12  it.  The fact discovery deadline starts in six weeks.
13  That was agreed to by the parties in part to allow some
14  of the motion to stay, time for the Judge to rule on it,
15  to give -- to give the Court some time to rule on that
16  motion.
17             And so our preference would be, as Your
18  Honor mentioned, to enter the schedule and then take up
19  the stay issue, you know, when that motion is fully
20  briefed.  The defendants filed that motion last week.
21             Our response is going to be coming in next
22  week.  It will be ready for the Court's decision in
23  about two weeks.  And so we think that's the right
24  approach, Your Honor, is to enter this agreed scheduling
25  order, and then go from there.
```

  1          THE COURT:  All right.  Thank you, Mr. Hurt.
  2  For the defense?
  3          MR. GAEDE:  Yes, Your Honor, Bill Gaede here.
  4  Your Honor, I have a slightly different perspective,
  5  because there is a stay in the case already that has
  6  been entered, and that stay is in force subject to
  7  further order by the Court.
  8          In entering the scheduling order now until
  9  Judge Ezra considers -- considers the renewed motion to
 10  stay is contrary to that stay, which is subject -- which
 11  has been entered by the Court.
 12          It's also contrary to Judge Ezra's authority
 13  to consider the issue of maintaining the stay, because,
 14  obviously, by entering a scheduling order, it's moving
 15  the case forward and it's contrary to his ability to
 16  manage the docket.
 17          And I respectfully submit, it will embroil
 18  the Court potentially on further issues.  So we think,
 19  as we said in our papers, the prudent course is to wait
 20  for a ruling on our motion to continue the stay, which
 21  is already in force, and that sits before Judge Ezra.
 22          And then at that point, given that the --
 23  that motion should be relatively quickly decided upon --
 24  if I'm correct on my Western District procedure -- their
 25  opposition is due on Wednesday.  Our reply is due the

1  following week, be fully briefed in the next eight or
2  nine days.
3         But Judge Ezra, where the stay right --
4  resides right now makes the decision as to whether the
5  stay is going to be lifted in the case or whether it's
6  going to remain in place, pending his ruling on the
7  motion to dismiss.
8         So from that perspective, we think that the
9  more prudent course is to wait for resolution on the
10 motion to stay.
11        THE COURT:  Yeah, you may be right.  The stay
12 you're speaking of, are you talking about the one that I
13 authorized in early August?
14        MR. GAEDE:  Yes, Your Honor, but also at that
15 time, you also -- the reference, you'd sent it back to
16 Judge Ezra on everything at that time on August 6
17 through a series of orders.  And so it resides, as far
18 as I understand, due to August 6 orders referring the
19 matters back to Judge Ezra with Judge Ezra.
20        THE COURT:  Yeah, maybe.  But that's not the
21 way I interpreted it.  I stayed it in early August, and
22 then he referred this scheduling order to me.
23        And that trumps me staying it, frankly,
24 because he could have easily telegraphed to y'all that
25 he was staying the matter until he had time to look at

those things.

And then the other part of this is -- and I don't mean to be flippant -- but if y'all are going to have a fight, whether y'all have that flight in Austin, Texas or it's somewhere back up northeast if you win on your motion to transfer, aren't you exchanging this -- isn't this discovery being exchanged whether it's here or there?  Where is the harm in just moving the case forward?

MR. GAEDE:  Yeah, I think, Your Honor, two points on that.  One is, it is quite clear under Federal Circuit authority, the Apple case, cited at 52 F.4th 3 -- 1363 [sic] in our papers and also in the motion to stay, that even having discovery go forward so that the interim rulings that are made by the Court as -- as the case proceeds forward, so that those interim rulings are made by the Court that has the proper venue.

We don't know who that Court is until the motion to dismiss has been decided, and that case in the Federal Circuit makes clear that even proceeding forward in discovery constitutes prejudice because it takes away the right or the ability of what will be the proper court to issue the interim rulings.

Secondly, as in our papers, it is quite

1  clear that Judge Ezra enters stays in cases where a
2  motion to dismiss is pending.  We've cited to you the
3  Lowery v. Mills case and the Best Glide Aviation
4  Survival v. Tag-Z case.  That's in the Supplemental Case
5  Management Report, at Pages 9 to 10.
6          And so from that perspective, Your Honor,
7  the harm is, that the Court doesn't -- that is going to
8  be governing the case and managing the case, isn't
9  making the ruling.
10          And, secondly, as Judge Ezra's own practice
11  shows, stays are appropriate where a motion to
12  dismiss -- and, in fact, the stay is still in -- in
13  effect.
14          THE COURT:  All right.  Well, your stay is now
15  over.  I'm going to embrace the Second Amended
16  Scheduling Order in its entirety.  Whatever stay you
17  interpreted that I granted in early August is gone.
18          If you want a stay, you're going to have to
19  get it from Judge Ezra or he's going to have to refer it
20  to me.  But just to be real clear, I am not real
21  convinced by your arguments about harm and prejudice.
22  It sounds like Chicken Little in, The sky is going to
23  fall.
24          Y'all can nurse this case forward.  And,
25  like I said, if Judge Ezra grants the stay, great.

```
 1   We'll just have to get together again and do this down
 2   the road.  If he doesn't grant the stay and he refers it
 3   to me, I'll get you all back on the phone and we'll see
 4   where we are.
 5              But I try to tell you my perspective.  I
 6   don't have the ability to read Judge Ezra's mind as to
 7   why he referred this to me when he has the other things
 8   pending before him, and consequently, I'm not going to
 9   try to read his mind.  And I'm going to take literally
10   the orders -- the marching orders I've been given and
11   employ them.
12              So I am going to enter the Second Amended
13   Scheduling Order.  Any stay that was authorized in -- in
14   early August is now gone.  And if you need -- if you're
15   going to get a stay, you need to get it from Judge Ezra.
16              Mr. Hurt, do you have anything else?
17              MR. HURT:  No, Your Honor.
18              THE COURT:  All right.  Mr. Gaede,
19   Ms. Schickel, anything?
20              MR. GAEDE:  No, nothing further, Your Honor.
21   Thank you so much.
22              THE COURT:  All right.  Good luck.
23              MR. HURT:  Thank you, Your Honor.
24         (Proceedings concluded.)
25
```

```
 1                    REPORTER'S CERTIFICATE

 2

 3

 4      I, APRIL C. BALCOMBE, DO HEREBY CERTIFY THAT THE

 5  FOREGOING WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING

 6  MADE AT THE TIME OF THE AFORESAID PROCEEDINGS AND IS A

 7  CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM

 8  THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT

 9  THE TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE

10  PRESCRIBED BY THE COURT AND JUDICIAL CONFERENCE OF THE

11  UNITED STATES, ON THIS 7th DAY OF OCTOBER, 2025.

12

13

14                      /S/April C. Balcombe
                        APRIL C. BALCOMBE, CSR, CRR
15                      Official Court Reporter
                        United States District Court
16                      Austin Division
                        501 West 5th Street, Suite 4150
17                      Austin, Texas 78701
                        (512) 391-8795
18                      SOT Certification No. 5752
                        Expires: 7-31-26
19

20

21

22

23

24

25
```