**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br><br>    Plaintiff,<br><br>vs.<br><br>ALNYLAM PHARMACEUTICALS INC. AND ALNYLAM U.S., INC.<br><br>    Defendants | Civil Action No. 1:25-cv-13865-BEM<br><br>**JURY TRIAL DEMANDED** |

**JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER**

Pursuant to the Court's December 17, 2025 Order (Dkt. 91) and Local Rules 16.1 and 16.6, Plaintiff the Board of Regents of the University of Texas System ("Plaintiff," the "University," or "MD Anderson") and Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S., Inc. (collectively, "Alnylam" or "Defendants," and together with Plaintiff, the "parties") jointly submit this Status Report and Proposed Schedule Order.

**A. Status of the Case and Pending Motions**

On December 12, 2024, Plaintiff filed a complaint that asserts a claim for patent infringement of U.S. Patent No. 8,895,717 (the "'717 Patent"). *See* Dkt. 1. Plaintiff accuses Defendants' Onpattro® pharmaceutical product of infringement. Plaintiff's complaint seeks statutory damages, up to treble damages for willful infringement under 35 U.S.C. § 284, and reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285 as appropriate. *Id.*

On February 5, 2025, Defendants filed a motion to dismiss the Complaint under Rule 12(b)(3) for improper venue, or, in the alternative, to transfer this case to the District of Massachusetts ("Motion to Dismiss"). *See* Dkt. 21. On April 24, 2025, the Court issued a Case

Management Scheduling Order, setting forth various deadlines for the case.  Dkt. 37.  On April 29, 2025, Defendants moved to stay discovery pending resolution of its Motion to Dismiss.  Dkt. 38.  On July 1, 2025, after a hearing, the Court granted in part and denied in part Defendants' Motion to Stay Discovery.  The Court's Order allowed Plaintiff to conduct limited venue discovery and stayed all remaining discovery deadlines in the case.  Dkt. 55.  On July 2, 2025, the Court denied Defendants' Motion to Dismiss without prejudice to refiling based on limited venue discovery obtained from Defendants.  Dkt. 57.  By subsequent agreement of the parties, and order of the Court, all dates in the case were stayed during the venue discovery period except for any motion against Defendants' Answer.  Dkt. 64.

Defendants filed their Answer on July 16, 2025.  *See* Dkt. 58.  Plaintiff filed a Motion to Strike the inequitable conduct allegations in the Answer on August 27, 2025.  *See* Dkt. 66. Defendants filed a response on September 17, 2025 (Dkt. 67) and Plaintiff filed a reply on October 1, 2025 (Dkt. 74).

Following the close of venue discovery on September 12, 2025, Defendants filed a renewed Motion to Dismiss and a Motion to Continue the Stay on September 24, 2025.  Dkt. 70.  The Magistrate Judge entered a Scheduling Order on October 2, 2025.  Dkt. 76.  The District Judge granted the motion for a stay on November 4, 2025, before fact discovery was scheduled to commence on November 14, 2025 under the Scheduling Order, and stayed the case pending resolution of the renewed Motion to Dismiss for lack of venue.  Dkt. 85.

On December 15, 2025, after Defendants' renewed motion to dismiss was fully briefed (*see* Dkts. 79 and 82), the Court granted Defendants' renewed motion (Dkt. 86), and this case was subsequently transferred from the Western District of Texas to the District of Massachusetts.  The

2

Court did not rule on Plaintiff's Motion to Strike (Dkt. 66). Thus, Plaintiff's Motion to Strike (Dkt. 66) remains pending.

### B. General Provisions

#### 1. Obligation Of Counsel To Confer

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1(b), counsel for the parties conferred on January 2, 2026 and January 5, 2026. This Joint Status Report and Proposed Schedule contains the results of that conference and proposed discovery plan and pretrial schedule.

#### 2. Trial By Magistrate

The parties do not consent to trial by the magistrate judge.

#### 3. Confidentiality, Privilege, Protective Order, and Discovery Items

On May 12 and 13, 2025, the District Court entered a Protective Order (Dkt. 43) and Order Governing Discovery of Electronically Stored Information (Dkt. 45), respectively.

#### 4. Certifications Pursuant to Local Rule 16.1(d)(3)

Each party and that party's counsel have conferred with a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation, and to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

### C. Discovery Progress

The parties agree that the discovery event limitations in Local Rule 26.1(c) shall apply except that fact depositions shall be 70 hours per side (for both party and non-party witnesses combined) and expert depositions shall be 7 hours per report.

The parties served initial disclosures pursuant to Fed. R. Civ. P. 26 on May 7, 2025.  On June 4, 2025, Plaintiff served its initial infringement contentions and accompanying initial set of documents.   The parties subsequently engaged in limited venue discovery pursuant to the Court's July 1, 2025 Order (Dkt. 55).

### D.  Proposed Schedule

The parties submit the following proposed schedule pursuant to the Court's December 17, 2025 Order (Dkt. 91) and Local Rules 16.1 and 16.6.  Plaintiff's proposals are bracketed in <mark>yellow</mark>. Defendants' proposals are bracketed in <mark>blue</mark>.  Each party's position follows the proposed schedule.

1. **Plaintiff's Settlement Proposals.**  Pursuant to Local Rule 16.1(c), Plaintiff shall present written settlement proposals to Defendants by **January 23, 2026**.  Defense counsel shall provide a response to the proposals by **February 13, 2026**.

2. **Initial Disclosures**.  Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by **January 16, 2026**.

3. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed not later than 28 days after entry of the Court's claim construction order pursuant to Local Rule 16.1(f)(1, 10).

4. **Patentee's Preliminary Patent-Related Disclosures**.  Plaintiff shall make the disclosures required under Rule 16.6(d)(1) no later than **January 16, 2026**.

5. **Conference Concerning Preliminary Patent-Related Disclosures**. The parties shall meet and confer regarding Plaintiff's Preliminary Patent-Related Disclosures pursuant to Local Rule 16.6(d)(2) no later than **February 6, 2026**.

6. **Defendants' Preliminary Production of Technical Documents, Source Code, and Samples of Accused Products.** Defendants shall make the disclosures required by Local Rule 16.6(d)(4) no later than **February 27, 2026**.

7. **Obligation to Supplement.** Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

8. **Claim Construction Proceedings.**

   a. **Exchange of Terms and Proposed Constructions.** The parties shall simultaneously exchange a list of claim terms to be construed and their

proposed constructions pursuant to Local Rule 16.6(e)(1)(A) by **March 20, 2026**.

b. **Meet and Confer on Claim Terms.** The parties shall meet and confer regarding claim terms and the number of terms for construction pursuant to Local Rule 16.6(e)(1)(B) by **March 27, 2026**.

c. **Joint Claim Construction Statement and Chart.** The parties shall file a joint claim construction statement pursuant to Local Rule 16.6(e)(1)(D) by **April 2, 2026**.

d. **Opening Claim Construction Briefs.** The parties shall simultaneously file opening claim construction briefs by **April 23, 2026**. Any party relying on expert testimony for claim construction shall include with its opening brief the expert declaration required by Local Rule 16.6(e)(2, 3).

   i. **Expert Availability for Deposition.** Any expert providing a declaration in support of claim construction shall be made available for deposition not later than **May 14, 2026**.

e. **Responsive Claim Construction Briefs.** The parties shall simultaneously file responsive claim construction briefs pursuant to Local Rule 16.6(e)(4) by **June 4, 2026.**

f. **Tutorials.** Pursuant to Local Rule 16.6(e)(6), if requested by the Court, the parties may exchange and file claim construction tutorials no later than 14 days before the claim construction hearing.

g. **Claim Construction Hearing.** The claim construction hearing will be held at a date of the Court's choosing [**during the weeks of June 22, 2026, June 29, 2026, July 6, 2026, July 13, 2026, or July 20, 2026[1]**] [**but no later than nine months after the Initial Case Management Conference under Local Rule 16.6(c)(2).**].

h. **Post-*Markman* Status Conference.** If the Court schedules a post-Markman status conference, the parties shall meet and confer at least 14 days before the conference and file a joint statement at least 7 days before, addressing: (a) the impact of the Court's claim construction ruling (if available), (b) narrowing of issues, (c) proposed schedule adjustments, and (d) ADR under Local Rule 16.4.

9. **Reliance on Advice of Counsel.** Pursuant to L.R. 16.6(f)(1-3), if a party is relying upon advice of counsel, the last day to provide disclosure of the written opinion and

---

[1] Plaintiff initially proposed the week of June 29, 2026. As a courtesy to Defendants, Plaintiff additionally proposes the weeks of June 22, 2026, July 6, 2026, July 13, 2026, or July 20, 2026 because Defendants have represented to plaintiff that it is closed the week of June 29, 2026 and that its co-lead counsel has a conflict the weeks of July 6, 2026 and July 13, 2026.

oral advice, including a privilege log, is not later than 28 days following the entry of the Court's claim construction order.

10. **Final Fact Discovery Deadline**. All discovery, other than expert discovery, must be completed by [October 23, 2026] [April 12, 2027, or after 60 days from entry of the court's ruling on claim construction, whichever is later pursuant to Local Rule 16.6(c)(4)].

11. **Status Conference.** A status conference will be held in [October or November 2026] [April 2027] at a time and date of the Court's choosing.  Five days before the status conference, the parties shall file a status report indicating the current status of the case, including whether the parties intend to seek expert discovery and/or intend to file any dispositive motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

12. **Initial Expert Reports.** Expert reports for trial experts testifying on an issue for the party bearing the burden on the issue, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by [November 13, 2026] [May 12, 2027, or 30 days after the close of fact discovery, whichever is later].

13. **Rebuttal Expert Reports.** Expert reports for trial experts testifying on an issue for the party that does not bear the burden on the issue (i.e. Responsive Expert Reports), and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by [December 11, 2026] [June 11, 2027,  or 60 days after the close of fact discovery, whichever is later].

14. **Close of Expert Discovery.** All trial experts must be deposed by [January 29, 2027] [July 9, 2027, or 90 days after the close of fact discovery, whichever is later pursuant to Local Rule 16.6(c)(5)].

15. **Summary Judgment Motions (pursuant to Local Rule 16.1(f)(6) and 56.1).**

   a. Motions for summary judgment and/or to exclude or strike expert testimony must be filed by [March 5, 2027] [August 24, 2027, or 45 days after the close of expert discovery].

   b. Oppositions to summary judgment motions and/or any motions to exclude or strike expert testimony must be filed by [April 2, 2027] [September 14, 2027, or 21 days after opening motions for summary judgment and/or to exclude or strike expert testimony are served].

   c. Replies to summary judgment motions and/or any motions to exclude or strike expert testimony must be filed by [April 16, 2027] [September 28, 2027, or 14 days after oppositions to summary judgment and/or to exclude or strike expert testimony are served].

16. **Initial and Pretrial Conferences.** The initial pretrial conference will be held at a date of the Court's choosing [during May 2027]. The parties must prepare and submit a

pretrial memorandum in accordance with Local Rule 16.5(d) 7 days prior to the date of the pretrial conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). A final pretrial conference will be set by the Court at the initial pretrial conference pursuant to Local Rule 16.1(f)(9). The court may also schedule interim pretrial conferences in appropriate cases.

17. **Trial.** A jury trial [**to occur in June 2027**] will be set by the Court at the initial pretrial conference pursuant to Local Rule 16.6(c)(1) ["to be held **within 24 months after the [scheduling] conference.**"].

### E.  Plaintiff's Position on the Proposed Schedule

MD Anderson respectfully requests entry of its proposed schedule (set forth above in **yellow**).  This schedule follows the schedule the parties previously agreed to and complies with this Court's Local Rule 16.6 schedule for patent infringement cases.

The parties have agreed to the dates in the Scheduling Order through claim-construction briefing.  The proposals then diverge.  To determine the dates in its proposal, MD Anderson started with the agreed Scheduling Order that the parties submitted to the Texas Court in October.  Dkt. 76.  That schedule included a six-week delay to allow the Texas Court to rule on Defendants' motion to stay.  Dkt. 77 at 5 ("We have an agreed scheduling order that is attached . . . . The fact discovery deadline starts in six weeks. That was agreed to by the parties in part to allow some of the motion to stay, time for the Judge to rule on it, to give -- to give the Court some time to rule on that motion.").

MD Anderson's proposal then generally shifts the agreed schedule to account for the time this case was stayed before it was transferred to this Court (approximately 6 weeks).  This pacing, which Defendants previously agreed to, complies with Local Rule 16.6(c).  Subject to the Court's convenience, MD Anderson requests a claim construction hearing in June or July (within 9 months) and a trial date in June of 2027 (within 24 months).

MD Anderson's proposed schedule makes good sense here.  This case has been pending for over a year, giving Defendants ample time to investigate their plead defenses.  Dkt. 58.  Last

February, Defendants identified potential witnesses and document sources in seeking transfer, Dkt. 21-1 ¶¶ 16–20, and exchanged initial disclosures in May. Dkt. 51-2. And while Defendants did not produce merits discovery, MD Anderson served merits discovery requests on Defendants in May. Those responses were due (by agreement) within a week of the Texas Court's July Order staying merits discovery. *See, e.g.*, Dkt. 50-4 at 8–9 ("If the case is in Texas on 7/7 and the motion to stay has not been granted, Defendants agree to provide substantive interrogatory responses (i.e., narrative responses and/or Rule 33(d) citations to specific produced documents) and a substantive document production by 7/7."); Dkt. 55 (July 1, 2025 Order) ("[A]ll remaining discovery deadlines in this case, except the limited venue discovery deadlines described above, are **STAYED** through August 8, 2025."). After venue discovery concluded, the Texas Court entered a Scheduling Order in October, setting fact discovery to open on November 20, 2025. Dkt. 76. When the Court stayed the case, Dkt. 85, Defendants' disclosures were due within about two weeks. Thus, Defendants have presumably done at least some work collecting discovery and preparing their defenses.

Regardless, as Defendants recognized a few months ago, MD Anderson's proposed schedule still provides sufficient time for fact discovery (almost 10 months). This case involves one asserted patent against one accused product. Defendants cite the agreed schedule in *Cogmedia v. Meta Platforms*, but that case involves three patents and was filed seven months after this case. Should the parties need more time for discovery, they may request extensions, and the Court can adjust the schedule if needed. *See, e.g.*, Local Rule 16.6(c)(3) (providing for post-claim-construction hearing status conference to make any adjustments to the Scheduling Order). Defendants do not identify any prejudice from the schedule they agreed to a few months ago.

Defendants' proposal, in contrast, seeks the outer limits of Local Rule 16.6 for a brand-new case (like *Cogmedia*), *e.g.*, a fact-discovery period that is at least 15 months from now.

Defendants do not provide a sufficient need for this additional time in view of (1) their prior agreement to the pace of the October 2025 schedule, (2) their representations that they already identified relevant witnesses and sources of proof, and (3) the fact that this case has been pending for over a year. In addition, the two lead inventors of the '717 Patent, Drs. Lopez-Berestein and Sood, are at or near retirement age. Dkt. 79-28, -29 (profiles of inventors). It is axiomatic that the patent's inventors are key witnesses in a patent case. And, in this case, Defendants have (baselessly) accused Dr. Lopez-Berestein of defrauding the Patent Office (Dkt. 66), further highlighting the need for live inventor testimony if those allegations survive pretrial scrutiny.

Defendants argue that a longer schedule is necessary because MD Anderson should have filed suit earlier and that the case is complex. But those same arguments existed in October, when Defendants agreed to the schedule MD proposes now—infringement, invalidity, enforceability, claim construction, damages, depositions, and expert reports were all at issue then. The scope of the case has not changed. Defendants, in seeking transfer, also represented that the "difference is marginal" in the time-to-trial between the Texas Court and this Court. Dkt. 82 at 10. But they now seek to extend the agreed-to schedule by approximately 6 months—solely on the basis that the case was transferred.

Defendants also wrongly imply that they never agreed to the pacing in the October Scheduling Order. That is untrue. While Defendants wished to stay the case, they expressly stated that "the extent the Court enters a scheduling order, Defendants respectfully request that the Court enter the parties' proposed schedule," Dkt. 69 at 7, *viz.*, the agreed scheduling order that the Court entered in October. MD Anderson asks that this Court enter the same pacing here.

Defendants' repeated "delay" argument is also not a reason to depart from the scheduling pace Defendants already agreed to. There is no genuine dispute that MD Anderson timely filed

this case.  The '717 Patent is currently in force, and Defendants continue to sell the accused product.  And this case covers over 99% of Defendants' Onpattro sales.  *See, e.g.*, 35 U.S.C. § 286 (providing for damages up to six years before filing suit).  Regardless, the issue here is the schedule, and MD Anderson submits that its proposed schedule is appropriate.

### F.  Defendants' Position on the Proposed Schedule

Plaintiff's proposed dates deviate from the Local Rules of this District and would impose a substantially accelerated schedule—approximately 6 months faster than schedules this Court has entered in comparable cases under the Local Patent Rule 16.6.  *See, e.g.*, *Cogmedia LLC v. Meta Platforms, Inc.*, No. 1:25-cv-12127 at Dkt. 45 (by providing for the close of fact discovery 15 months after the Scheduling Conference or 60 days after the entry of a claim construction order, whichever is later; initial expert reports served 45 days after the close of fact discovery; and dispositive motions filed 45 days after the close of expert discovery).

Plaintiff has not identified a case-specific reason why this matter warrants such a departure from the District's established scheduling framework.  Indeed, the relevant circumstances weigh against an expedited schedule.  The asserted patent issued on November 25, 2014; the accused product has been on the market since August 10, 2018; Plaintiff waited more than 5 years—until December 16, 2024—to file suit; Plaintiff does not sell any product practicing the claimed invention; and the parties are not competitors in the market.  Consistent with these facts, the Western District of Texas rejected Plaintiff's claims of prejudice and urgency.  Magistrate Judge Lane observed that "when I hear [Plaintiff] complaining about how time is of the essence, it rings a little hollow with me…." Dkt. 68-3 at 21:3-4; 20:3-12.  Likewise, Judge Ezra rejected Plaintiff's argument that a stay would cause prejudice in light of Plaintiff's delay in bringing suit against a product approved for sale since August 2018.  Dkt. 85, 5.  Against this backdrop, Plaintiff's

proposed fast-tracked schedule would impose compressed timelines that are inconsistent with—and unwarranted—under the general practice in this District as reflected in the Local Rules Alnylam cited above.

Plaintiff asserts that its proposed case schedule is intended to track the scheduling order entered by the Magistrate Judge in the Western District of Texas in October 2025, adjusted by approximately one month to account for the period during which the case was stayed by the District Judge before it was dismissed and transferred to this District. Plaintiff's position is unpersuasive. Proceedings in the Western District of Texas do not provide an appropriate benchmark for scheduling in this case, particularly where that court no longer has jurisdiction and the action is now governed by the Local Rules and established practices of this District.

Nor does the vacated Scheduling Order from the Western District of Texas offer a meaningful or relevant benchmark. Plaintiff mischaracterizes Alnylam's position and the significance of the October schedule in Texas. Alnylam does not contend that a longer schedule is warranted because Plaintiff should have filed suit earlier; rather, Plaintiff's delay underscores the absence of any genuine urgency that would justify departing from this Court's established scheduling framework for patent cases and deviating from that framework would prejudice Alnylam.

Regardless, the vacated Texas schedule should be given no weight. The Magistrate Judge initially entered a Scheduling Order according to Plaintiff's timeline over Alnylam's objection that no scheduling order should be entered given the pending Motion to Dismiss for lack of venue which are entitled to priority by the Court. Dkt.30, 5-6. The Court then entered Plaintiff's proffered timelines. That Scheduling Order was subsequently vacated. Dkt. 64. The second October Scheduling Order Plaintiff relies upon was entered by the Magistrate Judge again over

11

Alnylam's objection that any Order should not be entered until the District Court Judge ruled on Alnylam's renewed motion to stay pending resolution of the motion to dismiss. Dkt. 69, 7.[2] The District Court Judge first stayed that Scheduling Order and then vacated it by granting the motion to transfer. Dkt. 85 & 86. The circumstances did not reflect a balanced schedule.

In any event, that schedule was addressed in a different court lacking clear local rules prescribing timelines in patent cases, before the stay was imposed, before transfer, and before this Court assumed responsibility for case management. Alnylam's request for a schedule consistent with Local Rule 16.6 reflects a good-faith effort to place this case on an orderly footing, rather than to delay proceedings. To grant Plaintiff's shortened schedule would improperly reward Plaintiff's strategic forum-selection strategy to impose deadlines that would not otherwise apply in this District, contrary to the principles of fairness and the orderly administration of this case under the governing procedures of this District.

Plaintiff's contention that the parties have already completed much of the work necessary to litigate this case and therefore do not require additional time is flatly incorrect and conflates ***preliminary venue-related efforts*** with substantive merits preparation. At the outset, patent cases present complex merit issues, such as infringement, patent invalidity, patent unenforceability and inequitable conduct, and damages all further complicated by claim construction proceedings and expert discovery. Neither Plaintiff nor Alnylam have provided the deep merits-based discovery to address these issues. Indeed, even the pleadings in this case are not settled as Plaintiff has moved to strike Alnylam's detailed affirmative defense of inequitable conduct committed by the patentee, which itself will require complex, fact-intensive discovery. Alnylam's proposed schedule reflects

---

[2] In the alternative, if Alnylam's objection were overruled, given the Magistrate Judge's prior entry of a Scheduling Order, the parties submitted a revised schedule that tracked the first Scheduling Order's timelines.

the complexity of patent cases that is recognized in Local Rule 16.6's timelines, which accommodate the complex work that remains to avoid prejudice to either party.

Plaintiff points to initial disclosures to justify its shortened schedule, as if they materially advance the case. They do no such thing. Identifying general categories of custodians or sources of documents is fundamentally different from collecting, reviewing, and producing documents, preparing Rule 30(b)(6) testimony, developing invalidity contentions, taking depositions of lay witnesses (some of whom appear to be out of the country), or conducting expert discovery. Plaintiff's reliance on serving its written discovery while Alnylam's successful motion to stay was pending does not change the analysis. Merits discovery was stayed and never proceeded, and any discovery going forward must be served anew in compliance with this District's Local Rules. Plaintiff's references to the inventors' ages and the timing of suit also do not justify compressing discovery. There is no showing that any witness is unavailable or unable to testify, and speculative concerns about potential future unavailability are not a basis to truncate a schedule that otherwise complies with Local Rule 16.6.

Finally, Plaintiff takes Alnylam's statement during the transfer proceedings out of context. Alnylam's observation that the difference in time-to-trial between the Western District of Texas and this Court was "marginal" addressed venue convenience—not the propriety of a compressed schedule that departs from Local Rule 16.6. A marginal difference in ultimate trial timing does not justify accelerating fact and expert discovery in a manner inconsistent with this Court's rules. In short, while Plaintiff's potential claim has been apparent since 2018, Plaintiff delaying in filing suit until late 2024 and insistence on bringing suit in the wrong venue do not support accelerating the case now. The substantive work of litigating the complex merits has yet to begin. Alnylam's

13

proposed schedule is reasonable, consistent with this Court's Local Rules, and necessary to ensure

that both sides have a fair opportunity to develop their cases.

### G. **Procedural Provisions**

1. **Extension of Deadlines.** All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown.

   Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

2. **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3. **Status Conferences.** The Court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

4. **Additional Conferences.** Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

5. **Early Resolution of Issues.** The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

6. **Pretrial Conference.** Lead trial counsel are required to attend any pretrial conference.

7. **Subsequent Orders.** The parties shall confer and separately submit to the Court an agreed or disputed proposed protocol for the discovery of electronically stored information, and an agreed or disputed proposed Protective Order.

Respectfully and jointly submitted by the parties this 7th day of January, 2026,

Dated: January 7, 2026

**MCKOOL SMITH, P.C.**

/s/ *Christian Hurt*
Christian J. Hurt *(Admitted Pro Hac Vice)*
Texas Bar No. 24059987
churt@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4060
Telecopier: (214) 978-4044

Eliza Beeney *(Admitted Pro Hac Vice)*
New York State Bar No. 5518972
ebeeney@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
212-402-9400

Richard M. Zielinski (BBO# 540060)
Andrew T. O'Connor (BBO# 664811)
GOULSTON & STORRS PC
One Post Office Square
Boston, MA 02109
Telephone: (617) 482-1776
Fax: (617) 574-4112
rzlielinski@goulstonstorrs.com
aoconnor@goulstonstorrs.com

*ATTORNEYS FOR PLAINTIFF THE*
*BOARD OF REGENTS OF THE*
*UNIVERSITY OF TEXAS SYSTEM*

**McDermott Will & Schulte LLP**

/s/ *William G. Gaede, III*
Sarah Chapin Columbia (SBN550155)
Sarah J. Fischer (SBN688878)
McDermott Will & Schulte LLP

15

200 Clarendon Street, Floor 58
Boston, MA 02116-5021
(617) 535-4000

William G. Gaede, III (Admitted Pro Hac Vice)
McDermott Will & Schulte LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105
(650) 815-7400

Mandy H. Kim (Admitted Pro Hac Vice)
McDermott Will & Schulte LLP
23 Corporate Plaza Drive, Suite 135
Newport Beach, CA 92660
(949) 757-6061

*Attorneys for Defendants Alnylam Pharmaceuticals Inc. and Alnylam U.S., Inc.*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 7, 2026, I electronically filed the foregoing with the Clerk's Office using the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants, and paper copies will be sent to those indicated as non-registered participants.

*/s/Christian Hurt*
Christian Hurt